### In the Interest of A.W. and A.W., Minor Children.

#### No. 05–08–01565–CV.

Court of Appeals of Texas, Dallas.

Jan. 6, 2010.

---

Paul Williams, Tennessee Colony, TX, appellant.

Shaunna Williams, Cedar Hill, TX, appellee.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice FITZGERALD.

Paul Williams appeals the trial court's final decree of divorce, entered by default when Williams did not appear for a scheduled pretrial conference. In seven issues, Williams charges the trial court erred by not allowing him to appear in the divorce proceedings brought by his wife. Williams, an inmate appearing pro se, argues he was denied the opportunity to offer evidence on issues involving the custody and support of the couple's children, the existence and division of community property, child support, and his own claim against his wife for fraud on the community. For the reasons discussed below, we

reverse the court's judgment and remand the case for further proceedings.

## BACKGROUND

Williams's wife notified him that she had filed this divorce action, and he waived formal service. On March 10, 2008, he filed a series of documents with the trial court. The first document was titled Request For a Copy of the Original Petition For Divorce & Submission of Current Financial Status. This document specifically rejected any waiver of making a record or proceeding without notice to him, and it enclosed a printout of his inmate trust account. On the same date, Williams filed his Original Answer, Request for Appointment of Attorney Ad Litem and Motion for Issuance of Bench Warrant; this document included a general denial, a claim of indigence, and a request for appointed counsel. Williams also asked the court to issue a bench warrant, allowing him to be brought into court for the trial of the case, stating as grounds: (1) he was incarcerated; (2) he wanted to contest the divorce petition to protect his parental rights, to help determine the best interest of his children, and to help counsel with his defense; and (3) he wanted to present his own testimony concerning his allegations of fraud involving community property and community indebtedness. Williams argued he had a right to be present at any proceeding affecting custody of his children, and he asserted the only way he could effectively present testimony concerning the future of his children and defend against fraud was to be present for any hearing on the merits. Williams did request, in the alternative, that the court grant a continuance until his release, or that he be permitted to participate from prison by telephone conference or "other means of participation." Williams attached his Declaration of Inability to Pay Cost to this filing. Finally, on that same

date, Williams filed a letter to the court clerk, asking for information on the status of the case. Williams stated he wanted to urge a "cross complaint" or, if the suit was no longer pending, pursue his own divorce action.

Two months later, in May 2008, Williams filed his Respondent's Third Filing to the Original Answer, which sought leave to proceed with the divorce and alleged "a breach of the legal and equitable duty regarding the fiduciary relationship between this couple" was committed by his wife in regard to community property issues. In June, Williams sent a letter to the clerk of court asking again about the status of the case and asking if counsel had been appointed as he had requested.

In July, Williams filed his Statement Concerning Alternative Dispute Resolution. In this filing Williams stated he had received a copy of the proposed divorce decree from his wife. He asserted he was willing to work on resolution of the dispute in good faith, but he sought agreement on proposed changes to the proposed decree. Specifically, he sought to be named a joint conservator; he acknowledged he could not exercise possessory rights while incarcerated, but asked that his mother be allowed to exercise them in his stead. As to division of the estate, Williams sought an accounting of various property including a computer, tools, vehicles, houses, household goods, life insurance policies, and a retirement account. Williams also stressed he did not waive his right to a jury trial, to give testimony, or to make a record of the proceedings.

The trial court eventually scheduled the case for pre-trial hearing, first on October 17 and subsequently on October 31. The trial court's notice for the October 31 hearing required attorneys and pro se litigants to "appear with calendars and be prepared

to discuss all issues." The notice reminded parties that mediation was required in all contested cases. And it stated that: "Failure to appear at the pre-trial hearing could result in dismissal for want of prosecution or default judgment entered (see Dallas Family Court Local Rule 5.03)." Before both settings, Williams filed a Motion for a Bench Warrant or in the Alternative a Video or Telephone Conference for the scheduled pre-trial conference. He asked the court to take notice of his earlier Statement Concerning Alternative Dispute Resolution, and he asked again for appointed counsel "to balance negotiations" if his wife was represented. Williams asked the court to recognize he was not refusing to appear and that he did not waive his right to jury trial.

On October 31, 2008, the date of the pre-trial hearing, the trial court signed the final divorce decree, which stated Williams "waived issuance and service of citation by waiver duly filed and did not otherwise appear." The trial court's docket sheet indicates the petitioner appeared in person, but the respondent (i.e., Williams) defaulted. The divorce decree reflects none of Williams's factual proposals or requests.

The decree orders Williams to pay monthly child support of $250.

Williams raises seven issues on appeal. His first issue encompasses the heart of the appeal:

Whether the Appellant's Constitutional Guarantees of Due Process and Due Course of Law were violated when the trial court did not allow Appellant to appear before a jury and to give testimony in this cause of action.

Williams's remaining issues flow from this one.[1]

## AN INMATE'S ACCESS TO COURT

■ The trial court did not rule on any of Williams's motions to appear by bench warrant or by alternative means. However, by signing the final divorce decree without addressing those motions, the trial court implicitly denied them. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex.2003). We review these implicit rulings for an abuse of discretion. *Id.*

■ As a constitutional matter, a litigant cannot be denied access to the civil courts merely because of his status as an inmate. *Id.; Reese v. Reese*, 256 S.W.3d 898, 900 (Tex.App.-Dallas 2008, no pet.).

---

1. Williams's second through sixth issues ask:

2. Whether the Appellant's Constitutional Guarantees of Due Process and Due Course of Law were violated when the trial court did not consider the cross complaint by the Appellant related to community and separate property.

3. Whether the Appellant's Constitutional Guarantees of Due Process and Due Course of Law were violated when the Appellant was not allowed an opportunity to present a defense to the Appellee's claim that no community or separate property existed.

4. Whether the Appellant's Constitutional Guarantees of Due Process and Due Course of Law were violated when the trial court did not consider the Appellant's claim that extrinsic fraud on the community existed.

5. Whether Appellant had a Constitutional right to attend the divorce proceedings as they affected the custody of his children.

6. Whether the Appellant's Constitutional Guarantees of Due Process and Due Course of Law were violated when the trial court failed to consider the Appellant's claim that there existed the co-mingling of separate property; a Life Insurance Policy; and a retirement plan affecting the marriage community.

7. Whether the Appellant's Constitutional Guarantees of Due Process and Due Course of Law were violated when the trial court did not consider the Appellant's indigent status, unemployment status, and his incarceration status when it calculated the Appellant's monthly income for child support purposes.

That said, an inmate does not have an unqualified right to appear personally at every court proceeding. *In re Z.L.T.*, 124 S.W.3d at 165; *Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex.App.-Dallas 2004, no pet.). Instead, when an inmate asks to be physically present for a proceeding, he must provide the trial court with sufficient factual information to allow the court to assess the necessity of his appearing at the relevant hearing. *In re Z.L.T.*, 124 S.W.3d at 166. The trial court then must weigh the inmate's need for access against the need to protect the integrity of the judicial system. *Id.* Accordingly, when Williams requested a bench warrant, it was his burden to show the trial court why his presence was warranted.

■ Texas courts have considered a number of factors when ruling on a motion for a bench warrant. Those most commonly cited include:

■ cost and inconvenience of transporting the prisoner to the courtroom; [2] the security risk the prisoner presents to the court and public; [3] whether the prisoner's claims are substantial; [4] whether the matter's resolution can reasonably be delayed until the prisoner's release; [5] whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; [6] whether the prisoner's presence is important in judging his demeanor and credibility; [7] whether the trial is to the court or a jury; and [8] the prisoner's probability of success on the merits.

*Id.* at 165–66.

■ The record indicates Williams was assessed a fifty-year sentence following a felony conviction. Williams informed the court that, at all relevant times, he was incarcerated in Midway, Texas. (The divorce case was pending in Dallas.) The record does not disclose when Williams was convicted or the nature of his offense. Moreover, Williams did not present any factual information concerning the first two factors listed above, i.e., the cost and convenience of transporting him to Dallas, and the security risks, if any, posed by his appearance.

On the remaining factors, however, Williams's factual showing was significant. In his various filings, Williams explained with specificity the matters on which he wished to testify: custody and rights to possession of his children, including the possibility of his mother obtaining rights to possess the children during his incarceration; the existence of community property, including the status of a number of specifically identified assets Williams claims were owned by the community; and his wife's claim for child support. Williams also expressed the need to testify concerning his counterclaim for fraud on the community and to cross-examine his wife, and any other witnesses called, on these specific matters.

We conclude Williams's motion established that these matters—especially issues involving his children—were substantial. And as the defendant in the case, Williams's substantial rights were put at issue by someone else; in his absence those rights would be adjudicated without his input. We further conclude that the testimony Williams wished to offer would have been admissible and would not have been cumulative of the testimony of any other witness. Because of the need to cross-examine on controverted issues of fact, Williams could not effectively present his case by deposition or affidavit. And because issues involving property, children, and support were all controverted, Williams's presence would be critical for

credibility determinations.[2]

Williams made a strong showing for the need to participate at a hearing on the merits of his divorce proceeding. But because he did not make a factual showing concerning issues of transportation and safety, the trial court did not abuse its discretion in denying the motion for a bench warrant. The trial court was not required to go beyond Williams's motion to determine whether a personal appearance was appropriate in this case. *See In re Z.L.T.*, 124 S.W.3d at 166.

Nonetheless, Williams consistently requested alternative methods of participation, including telephone or video conferencing arranged through the warden of his institution. Participation from the prison via telephone or video conference would resolve any transportation or safety concerns. It would also allow Williams to offer testimony and cross-examine witnesses. This Court has recently stated:

> When a request to appear by a specifically described effective means is made, a trial court's denial of the inmate's motion to appear by alternative means is an abuse of discretion unless the court allows the inmate to proceed by some other effective means.

*Johnson v. Dallas City Police Officers Handley, Benny, Badge No. 7478 & Huntley, Quinn, Badge No. 8311*, 299 S.W.3d 925, 929 (Tex.App.-Dallas 2009, no pet. h.). In this case, Williams specifically proposed alternative means that would have allowed him to participate effectively at trial. By denying his request without allowing him to proceed by some other effective means, the trial court abused its discretion. *See id.*

## CONCLUSION

We resolve Williams's first issue in his favor. Given that resolution, we need not address his remaining issues. We reverse the trial court's default judgment and remand this case for further proceedings consistent with this opinion.

---

2. Because the issues are controverted, and could well turn on the trial court's assessment of credibility, we express no opinion on Williams's likelihood of success on any specific issue. However, none of Williams's positions are frivolous on their face.

As to the remaining factors, the fourth factor concerns the possibility of a continuance of the litigation as an alternative to the inmate's participating while incarcerated. Williams did include a request for such a continuance in his filings, but given the length of his sentence, such a resolution would not be realistic in this case. And as to the seventh factor, Williams consistently sought a jury trial, although the case was tried to the court below.