COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-09-00203-CV |
| IN THE MATTER OF THE MARRIAGE § | |
| OF BRENDOWLYN A. CROSBY AND § | Appeal from the |
| MARLON J. CROSBY SR. § | 254th District Court |
| § | of Dallas County, Texas |
| § | (TC# 09-03049) |
| § | |

## O P I N I O N

Appellant/respondent Marlon J. Crosby Sr., a *pro se* prisoner, files this appeal from a decree of divorce entered by the 254th District Court of Dallas County, Texas. In three issues, he claims that: (1) the trial court erred in granting a divorce because he had answered the petition before judgment was granted; (2) the sixty-day waiting period between filing of the petition for divorce and hearing the divorce had not elapsed; and (3) Appellant did not receive notice of the setting before the divorce was entered. We affirm.

### FACTS

Brendowlyn Crosby filed her petition for divorce on February 20, 2009. The petition states there were no children of the marriage, petitioner was not pregnant, and there was no property to be divided between the parties. Respondent was served with petition and citation on March 4, 2009. Respondent filed his original answer and request for disclosure on March 19, 2009. The answer also contained a request for jury trial. Although the petition recites that a jury fee had been tendered with the answer, the case summary does not reflect that any such payment was received by the District Clerk. A final decree of divorce was signed and entered on May 4, 2009. The decree recites that

"[b]ecause a jury was not demanded by either party, the Court tried the cause." Appellant filed his notice of appeal on June 4, 2009.

## DISCUSSION

### Filing answer does not preclude entry of judgment

In his first issue on appeal, Crosby urges that the decree should be reversed because he filed an answer before judgment was granted. He cites no authority in support of this proposition. Crosby admits he was given notice of a pretrial hearing date of May 4, 2009 by his then-wife. The record reflects no attempt by Appellant to appear at this hearing either by motion for bench warrant or to appeal by alternative means such as affidavit, deposition, telephone or other means. Although a litigant cannot be denied access to civil courts merely because of inmate status, he does not have an unqualified right to appear personally at every court proceeding. *In the Interest of A.W. and A.W., Minor Children,* 302 S.W.3d 925, 928-29 (Tex. App.–Dallas 2010, no pet.). An incarcerated inmate wishing to appear at a hearing must provide the trial court with sufficient information to allow the court to assess the necessity of his appearance. *Id.* at 929. The trial court then must weigh the inmate's need for access against the need to protect the integrity of the judicial system. *Id.* It is the inmate litigant's burden to show the trial court why his presence, either personally or by alternative means, is warranted. *Id.* This Crosby wholly failed to do. His first issue on appeal is overruled.

### Final hearing was not less than sixty days after filing petition

In his second issue, Appellant urges that the trial court erred in entering a decree less than sixty days after the petition was filed. This assertion is simply incorrect. The original petition for divorce was filed on February 20, 2009. The decree was signed and entered on May 4, 2009. More than sixty days had elapsed between the filing of the petition and entering of the decree. Issue Two is overruled.

**Appellant had notice of hearing**

In his third issue, Crosby urges that "[t]he petition was defective on its face. Trial Judge never gave appellant proper notice of setting in which it entered the Final Divorce Decree." This Court cannot discern anything in the divorce petition that would render it defective; that portion of Appellant's issue is overruled. With regard to notice of the hearing at which the decree was entered, as discussed above, Crosby admits he had notice of a pretrial hearing on that date. He did not appear, nor did he file any motion or request with the court that would have given the court notice he desired to appear. When the pretrial hearing was held without any word from Crosby other than his answer, the trial court was within its discretion to place the case on the noncontested docket and proceed with a final hearing. TEX. R. CIV. P. 245. We note that although Crosby requested a jury trial, he did not pay the jury fee and therefore was not entitled to a trial by jury. This conclusion was certainly reasonable under the circumstances, as the pleadings indicate that the parties had no minor children, no community property other than personal effects, and had actually only lived together for five months during 2005. Thus, the only issue before the court was insupportability. Appellant presented no affirmative grounds indicating the marriage was supportable; he merely asserted that "Petitioner can not prove that marriage between husband and wife insupportable . . . ." A statement by one party that the couple has irreconcilable differences is sufficient proof to decree divorce on insupportability grounds. *Baxla v. Baxla,* 522 S.W.2d 736, 738 (Tex. Civ. App.–Dallas 1975, no writ). Appellant's third issue on appeal is overruled.

**CONCLUSION**

The judgment is affirmed.

SUSAN LARSEN, Justice (former)

July 14, 2010

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (sitting by assignment)