COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN THE MATTER OF THE MARRIAGE
OF BRENDOWLYN A. CROSBY AND
MARLON J. CROSBY SR.

§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00203-CV



Appeal from the


254th District Court

of Dallas County, Texas 


(TC# 09-03049) 


O P I N I O N


 Appellant/respondent Marlon J. Crosby Sr., a pro se prisoner, files this appeal from a decree
of divorce entered by the 254th District Court of Dallas County, Texas. In three issues, he claims
that: (1) the trial court erred in granting a divorce because he had answered the petition before
judgment was granted; (2) the sixty-day waiting period between filing of the petition for divorce and
hearing the divorce had not elapsed; and (3) Appellant did not receive notice of the setting before
the divorce was entered. We affirm.

FACTS

 Brendowlyn Crosby filed her petition for divorce on February 20, 2009. The petition states
there were no children of the marriage, petitioner was not pregnant, and there was no property to be
divided between the parties. Respondent was served with petition and citation on March 4, 2009. 
Respondent filed his original answer and request for disclosure on March 19, 2009. The answer also
contained a request for jury trial. Although the petition recites that a jury fee had been tendered with
the answer, the case summary does not reflect that any such payment was received by the District
Clerk. A final decree of divorce was signed and entered on May 4, 2009. The decree recites that
"[b]ecause a jury was not demanded by either party, the Court tried the cause." Appellant filed his
notice of appeal on June 4, 2009.

DISCUSSION

Filing answer does not preclude entry of judgment

 In his first issue on appeal, Crosby urges that the decree should be reversed because he filed
an answer before judgment was granted. He cites no authority in support of this proposition. Crosby
admits he was given notice of a pretrial hearing date of May 4, 2009 by his then-wife. The record
reflects no attempt by Appellant to appear at this hearing either by motion for bench warrant or to
appeal by alternative means such as affidavit, deposition, telephone or other means. Although a
litigant cannot be denied access to civil courts merely because of inmate status, he does not have an
unqualified right to appear personally at every court proceeding. In the Interest of A.W. and A.W.,
Minor Children, 302 S.W.3d 925, 928-29 (Tex. App.-Dallas 2010, no pet.). An incarcerated inmate
wishing to appear at a hearing must provide the trial court with sufficient information to allow the
court to assess the necessity of his appearance. Id. at 929. The trial court then must weigh the
inmate's need for access against the need to protect the integrity of the judicial system. Id. It is the
inmate litigant's burden to show the trial court why his presence, either personally or by alternative
means, is warranted. Id. This Crosby wholly failed to do. His first issue on appeal is overruled.

Final hearing was not less than sixty days after filing petition

 In his second issue, Appellant urges that the trial court erred in entering a decree less than
sixty days after the petition was filed. This assertion is simply incorrect. The original petition for
divorce was filed on February 20, 2009. The decree was signed and entered on May 4, 2009. More
than sixty days had elapsed between the filing of the petition and entering of the decree. Issue Two
is overruled.

Appellant had notice of hearing

 In his third issue, Crosby urges that "[t]he petition was defective on its face. Trial Judge
never gave appellant proper notice of setting in which it entered the Final Divorce Decree." This
Court cannot discern anything in the divorce petition that would render it defective; that portion of
Appellant's issue is overruled. With regard to notice of the hearing at which the decree was entered,
as discussed above, Crosby admits he had notice of a pretrial hearing on that date. He did not
appear, nor did he file any motion or request with the court that would have given the court notice
he desired to appear. When the pretrial hearing was held without any word from Crosby other than
his answer, the trial court was within its discretion to place the case on the noncontested docket and
proceed with a final hearing. Tex. R. Civ. P. 245. We note that although Crosby requested a jury
trial, he did not pay the jury fee and therefore was not entitled to a trial by jury. This conclusion was
certainly reasonable under the circumstances, as the pleadings indicate that the parties had no minor
children, no community property other than personal effects, and had actually only lived together for
five months during 2005. Thus, the only issue before the court was insupportability. Appellant
presented no affirmative grounds indicating the marriage was supportable; he merely asserted that
"Petitioner can not prove that marriage between husband and wife insupportable . . . ." A statement
by one party that the couple has irreconcilable differences is sufficient proof to decree divorce on
insupportability grounds. Baxla v. Baxla, 522 S.W.2d 736, 738 (Tex. Civ. App.-Dallas 1975, no
writ). Appellant's third issue on appeal is overruled.

CONCLUSION

 The judgment is affirmed.


 SUSAN LARSEN, Justice (former)

July 14, 2010


Before Chew, C.J., Rivera, J., and Larsen, J.

Larsen, J. (sitting by assignment)