# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
**NO. 03-10-00444-CV**
---

**In the Interest of M.A.R.**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY,**
**261ST JUDICIAL DISTRICT**, **NO. D-1-AG-09-002978,**
**HONORABLE ANGELITA MENDOZA-WATERHOUSE, JUDGE PRESIDING**
---

# M E M O R A N D U M   O P I N I O N

Jonathan Thomas Martinez, an inmate in the Texas Department of Corrections, appeals pro se the trial court's order establishing the parent-child relationship in which the trial court found that Martinez is the biological parent of M.A.R. and ordered him to pay retroactive and current child support. In a single issue, Martinez contends that the trial court erred in denying him the opportunity to participate in the trial and in awarding child support based on the statutory presumption, absent evidence of income, that he earns minimum wage. *See* Tex. Fam. Code Ann. § 154.068 (West 2009). Because we conclude that the trial court abused its discretion in denying Martinez's request to participate by telephone conference or by some effective means other than personal appearance by a bench warrant, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

M.A.R. was born to Martinez and Valerie Marie Renteria, an unmarried couple. Prior to the birth of M.A.R., Martinez was incarcerated. Renteria sought Medicaid services for M.A.R. pursuant to Title IV of the federal Social Security Act. *See generally* 42 U.S.C. §§ 601–679b (West 2003 & Supp. 2011). Part D of Title IV governs the establishment of paternity and child support. *See id.* §§ 651–659b. Chapter 231 of the Texas Family Code provides for the state's administration and provision of "Title IV-D Services." *See* Tex. Fam. Code Ann. §§ 231.001–309 (West 2009 & Supp. 2011). The office of the attorney general (OAG) is designated as the state's Title IV-D agency. *Id.* § 231.001 (West 2009).

Pursuant to its authority under chapter 231, the OAG filed suit on behalf of Renteria to establish Martinez's paternity and child support. *See id.* § 231.101(a)(2), (3). Martinez appeared pro se and admitted paternity but contested child support and any limitation on his paternal rights. Martinez subsequently filed a motion for a bench warrant, requesting to be allowed to appear personally at the trial. As the ground for his motion, Martinez stated that he was incarcerated for the offense of aggravated sexual assault but did not state when he is eligible for release. He contended that in his answer he made substantial claims that limiting his parental rights is not in the best interest of M.A.R. and that incarceration alone is not reason enough to limit his parental rights.[1] He

---

[1] In his answer Martinez stated that he had a good relationship with M.A.R. prior to his incarceration, continues to keep in touch, and offers support through family members. He requested visitation during his incarceration, asking that a designated caregiver or Renteria transport M.A.R. He asserted that because he is incarcerated, due process requires that no child support be ordered until ninety days after his release and that ordering child support prior to release and causing the accumulation of debt would harm his relationship with M.A.R.

further argued that he needed to be able to present his own defense, cross examine witnesses, and testify; that "[o]nly the father can testify to the facts of his love and concern for the child and of his ability to care for the child[;]" and that the trial court should have the opportunity to observe his demeanor as he "tells his story and plans upon release from prison." Martinez also asserted that it is commonplace for a prison warden to release prisoners to a sheriff for transport to court, that he posed no excessive security risk, and that the cost and inconvenience were minimal because such transports are within the normal course of business. In the alternative, Martinez asked to be allowed to participate by another effective means, specifically requesting a continuance until his release or a telephone conference.

The trial court did not expressly address Martinez's motion but, when Martinez did not appear, proceeded to trial and, after hearing the testimony of one witness, Renteria, rendered a final order establishing the parent-child relationship by default.[2] The order recited that Martinez "although duly notified, did not appear,"established Martinez's paternity, granted a judgment for retroactive child support of $8,124.00, ordered current child support of $188 per month and cash medical support of $40 per month, appointed Renteria managing conservator and Martinez possessory conservator, and ordered visitation that varied from the standard possession and access order by limiting Martinez's possession and access. Both the retroactive support judgment and the current child support order were set based on the statutory presumption, absent evidence of income, that Martinez earned the minimum wage. *See id.* § 154.068. According to the OAG, the trial court

---

[2] Renteria offered one exhibit, the results of the DNA testing. The record does not contain the exhibit, which was apparently offered to establish Martinez's paternity although Martinez admitted paternity in his answer.

restricted Martinez's rights of possession and access based on Renteria's testimony about his offense, including that the victim was a child. No findings of fact or conclusions of law were requested or filed. Martinez timely filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## ANALYSIS

We first address whether the trial court erred in failing to consider Martinez's request for a bench warrant. Although the trial court did not rule on Martinez's motion, by proceeding to trial without issuing a bench warrant, the trial court implicitly denied Martinez's request. *See In the Interest of Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). We review a trial court's decision on an inmate's request for a bench warrant for an abuse of discretion. *See id.*; *In the Interest of A.W.*, 302 S.W.3d 925, 928 (Tex. App.—Dallas 2010, no pet.). The test for abuse of discretion is whether the trial court's ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000).

It is well settled that litigants cannot be denied access to the courts merely because they are inmates. *In the Interest of Z.L.T.*, 124 S.W.3d at 165. "However, an inmate does not have an absolute right to appear in person in every court proceeding." *Id.*; *see also In the Interest of D.D.J.*, 136 S.W.3d 305, 311 (Tex. App.—Fort Worth 2004, no pet.) (inmate, whether plaintiff or defendant in civil action, does not have automatic right to appear personally in court). Rather, in determining whether a personal appearance is warranted, the trial court must balance the prisoner's right of access to the courts against the government's interest in protecting the integrity of the correctional system. *In the Interest of Z.L.T.*, 124 S.W.3d at 165; *Heine v. Texas Dep't of*

4

*Pub. Safety*, 92 S.W.3d 642, 649 (Tex. App.—Austin 2002, pet. denied). When deciding whether to grant an inmate's request for a bench warrant, Texas courts apply the factors articulated by the Seventh Circuit in *Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir. 1976). *In the Interest of Z.L.T.*, 124 S.W.3d at 165. These factors include the costs and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and the public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits. *Id.*; *Heine*, 92 S.W.3d at 650.

It is the inmate's burden to show the trial court why his presence is warranted. *In the Interest of Z.L.T.*, 124 S.W.3d at 166; *In the Interest of A.W.*, 302 S.W.3d at 929. Here, Martinez did address some of the *Stone* factors in his motion. He asserted that the costs and inconvenience of transporting him would be minimal, and he referred to the "substantial claims" he made in his answer regarding the best interest of M.A.R. and the limiting of his parental rights. He also asserted that he needs to be able to present his own defense, testify, and cross examine witnesses; that only he as the father could testify to the "facts of his love and concern for the child" and plans after release; and that the trial court should be able to observe his demeanor.

However, Martinez's showing was less than substantial on these matters and entirely lacking on other factors. Although he *asserted* that the costs and inconvenience of transporting him would be minimal and that he posed no substantial security risk, he presented no factual information

5

on these issues. *See In the Interest of A.W.*, 302 S.W.3d at 929. Beyond stating generally that he wanted to testify about his "love and concern" for M.A.R. and his "plans upon release from prison," Martinez did not state with any specificity the relevant matters on which he wished to offer testimony so that the trial court could assess whether his testimony would have been noncumulative of the testimony of other witnesses or incapable of being presented effectively by some other means. *Cf. In the Interest of A.W.*, 302 S.W.3d at 929 (inmate explained with specificity matters on which he wished to testify, including custody and rights to possession of children, possibility of his mother's obtaining rights to possess children during his incarceration, existence and status of specifically-identified community assets, and his counterclaim for fraud). And, although Martinez stated the fact of his incarceration, he did not indicate when he would be eligible for release so that the trial court could determine whether the resolution of the matter could reasonably be delayed until his release.

Even assuming the matters contained in Martinez's answer are "substantial claims" and that because the issues of child support, possession, and access are contested, his presence would be necessary for credibility determinations, *see In the Interest of A.W.*, 302 S.W.3d at 929–30, on the whole, Martinez did not provide sufficient factual information to enable the trial court to balance all of the *Stone* factors. Therefore, we cannot say that the trial court abused its discretion in implicitly denying his request for a bench warrant. *See In the Interest of Z.L.T.*, 124 S.W.3d at 166 (trial court did not abuse discretion in denying bench warrant where inmate listed *Stone* factors but failed to provide factual information showing how his interest in appearing outweighed impact on correctional system); *In the Interest of A.W.*, 302 S.W.3d at 929–30 (despite strong showing

6

regarding inmate's claims and testimony, in absence of factual showing concerning transportation and safety, trial court did not abuse its discretion in denying motion for bench warrant); *In the Interest of D.D.J.*, 136 S.W.3d at 312 (trial court did not abuse its discretion in denying bench warrant where inmate cited *Stone* factors but did not provide sufficient factual information to enable court to balance factors).

We now turn to the issue of whether the trial court erred in failing to consider Martinez's alternative request to participate in the trial by some effective means other than by personal appearance. As with the request for a bench warrant, by proceeding to trial without granting Martinez the opportunity to participate by some other means, the trial court implicitly denied Martinez's alternative request. *See In the Interest of D.D.J.*, 136 S.W.3d at 313. We review the denial of an alternative request to participate by some other effective means, as we do the denial of a motion for bench warrant, under an abuse of discretion standard. *In the Interest of A.W.*, 302 S.W.3d at 928, 930; *In the Interest of D.D.J.*, 136 S.W.3d at 312–13.

As we previously observed, although an inmate does not automatically lose the right of access to the courts by virtue of being incarcerated, the inmate has no absolute right to appear in person. *In the Interest of Z.L.T.*, 124 S.W.3d at 165; *In the Interest of R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.). "The right of a prisoner to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." *In the Interest of R.C.R.*, 230 S.W.3d at 426 (quoting *In the Interest of D.D.J.*, 136 S.W.3d at 314) (quoting *Dodd v. Dodd*, 17 S.W.3d 714,717 (Tex. App.—Houston [1st Dist.] 2000, no pet., *disapproved on other grounds*, *In the Interest of Z.L.T.*, 124 S.W.3d at 166 ))

7

(internal quotations omitted). The courts have consistently held that if a trial court determines that a pro se inmate in a civil action has demonstrated a "substantial claim" but has not demonstrated that he is entitled to leave prison to appear in person, the court should nonetheless consider the inmate's request to proceed by some other means, such as affidavit, deposition, or telephone. *See, e.g.*, *In the Interest of A.W.*, 302 S.W.3d at 930 (by denying inmate's request for bench warrant without allowing him to proceed by some other effective means, trial court abused its discretion); *In the Interest of D.D.J.*, 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.) (in denying motion for bench warrant, court should have considered permitting inmate to proceed by other effective means, such as telephone conference he expressly requested); *Heine*, 92 S.W.3d at 650 (even if merits could have been determined without inmate's physical presence, trial court should have considered other effective means for him to present his side of dispute, for example by arranging conference call); *see also In the Interest of R.C.R.*, 230 S.W.3d at 426–27 (if court determines inmate is not entitled to appear personally, he should be allowed to proceed by affidavit, deposition, telephone, or other means; trial court's dismissal for failure to appear without providing any means to appear was fundamentally unfair and denied inmate access to courts); *Sweed v. City of El Paso*, 139 S.W.3d 450, 452 (Tex. App.—El Paso 2004, no pet.) (trial court abused its discretion in dismissing case for want of prosecution after failing to consider inmate's request to proceed by telephone or videoconferencing technology).

We therefore conclude that the trial court abused its discretion by implicitly denying Martinez's alternative request to appear by some other effective means. In addition, we observe that the OAG concedes the trial court should have at least considered whether Martinez's participation

8

by some effective means other than his personal appearance was warranted. We sustain Martinez's sole issue insofar as the trial court's denial of his alternative request. Because we are remanding the case for the trial court to consider how to allow Martinez to participate effectively, other than by personal appearance, in the trial of the controverted issues of child support, possession, and access, we do not reach Martinez's arguments concerning child support. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We reverse the trial court's order establishing the parent-child relationship and remand for further proceedings consistent with this opinion.[3]

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson, and Goodwin

Reversed and Remanded

Filed: February 23, 2012

_____

[3] Martinez has filed three motions that are pending before this Court: (1) Appellant's Pro Se Motion for Leave to Suspend Rules 9.3 and 9.4 and File Only One Original of All Documents without Respect to Form, (2) Appellant's Pro Se Motion for the Court to Order the Trial Court Officials to Show Cause Why the Complete Record Has Not Been Timely Filed, and (3) Appellant's Pro Se Motion to Withdraw the Appendix (Transcription of the Electronic Recording (RR)) or in the Alternative for the Clerk to Provide a Copy to Appellant. We dismiss these motions as moot.