# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00455-CV

**In re Curtis Ratliff**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Curtis Ratliff, an inmate who is acting pro so, filed a notice of appeal with the Bell County District Court on June 10, 2013. He states that he is appealing the denial of a bench warrant and challenges the trial court's "attempt to force Petitioner to participate in an illegal and unconstitutional telephone conference hearing." In his prayer, he asks this Court to remand this cause for a final hearing and grant his request "to be present in physical form and body in the Courtroom for the final hearing." Ratliff also filed a letter with this Court, explaining that "there is no final judgment in this case because there was no actual final hearing" and that his appeal concerns "the fact that the [trial] court never even took the motion for bench warrant into consideration and the [trial] court then tried to force the Petitioner into a telephone conference hearing." He requests that this Court "issue an order" to the trial court to sign the final decree and grant his petition for divorce by default.

Among his pleadings in the underlying proceeding, Ratliff filed a petition for divorce, a motion for judgment by default, a motion requesting a default hearing, and a motion for a bench warrant for the final hearing. The record reflects that a default hearing was set for May 30, 2013,

but that it did not occur. The record does not contain an order denying Ratliff's motion for bench warrant, but it contains correspondence from the district court coordinator to Ratliff providing him with alternative means to participate in the May 30 hearing, including providing him instructions to participate by telephone conference. The record also contains a letter from the court coordinator to the senior warden advising him of the telephone hearing that was scheduled and providing instructions for Ratliff to appear by phone. The judge's docket reflects that the case was called on May 30 but that Ratliff did not call.

To the extent that Ratliff is seeking to appeal, we lack jurisdiction because no final judgment or appealable order has yet been signed by the trial court. *See* Tex. R. App. P. 26.1 (addressing time to perfect appeal), 27.1 (addressing prematurely filed notices of appeal); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (generally appeal may be taken only from final judgment); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) (interlocutory orders may be appealed only when allowed by statute). Because Ratliff is seeking to compel action by the district court, however, we construe his notice of appeal as a petition for writ of mandamus and conclude that we have jurisdiction to consider his issues in this context. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. To be entitled to mandamus relief, Ratliff must show that the trial court clearly abused its discretion and that he lacks an adequate appellate remedy. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–40 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

The record does not contain an order denying Ratliff's motion for a bench warrant. The trial court however implicitly denied Ratliff's motion by setting the final hearing and providing

2

instructions for Ratliff to participate by telephone conference. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (concluding that the trial court implicitly denied bench warrant by proceeding with the hearing).

"It is well-established that litigants cannot be denied access to the courts simply because they are inmates." *Id.* (citation omitted). "However, an inmate does not have an absolute right to appear in person in every court proceeding." *Id.* "Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *Id.* Factors courts consider in weighing the inmate's right of access against the protection of the correctional system's integrity include:

- the cost and inconvenience of transporting the prisoner to the courtroom;

- the security risk the prisoner presents to the court and public;

- whether the prisoner's claims are substantial;

- whether the matter's resolution can reasonably be delayed until the prisoner's release;

- whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means;

- whether the prisoner's presence is important in judging his demeanor and credibility;

- whether the trial is to the court or a jury; and

- the prisoner's probability of success on the merits.

*Id*. at 165–66. The inmate bears the burden to establish why his presence is necessary. *Id.* at 166.

3

In his motion for a bench warrant, Ratliff argued that the warrant was necessary so that he could give testimony. In a letter addressed to the court coordinator, Ratliff also objected to participating in the hearing by telephone, urging that: (i) he "[could] not allow [a] telephone conference hearing because of the staff of the Law Library here," (ii) the staff "constantly interferes with [his] legal activity," and (iii) the staff "will continuously spread [his] legal issues around to other offenders and staff." He also stated that he "want[ed] to be able to face the Judge in this case" and that he "would better be able to present [his] case in person." Ratliff's stated reasons fail to address factors courts consider in weighing the competing interests, such as the cost and inconvenience of transporting him to the hearing and the security risk that he would present to the court and public. *See id.* at 165–66.

The trial court also provided him with alternative means to participate in the hearing. *See, e.g.*, *In re A.W.*, 302 S.W.3d 925, 929–30 (Tex. App.—Dallas 2010, no pet.) (noting that, "when an inmate asks to be physically present for a proceeding, he must provide the trial court with sufficient factual information to allow the court to assess the necessity of his appearing at the relevant hearing" but holding that trial court abused its discretion by denying request for bench warrant "without allowing [inmate] to proceed by some other effective means"); *In re R.C.R.*, 230 S.W.3d 423, 426–27 (Tex. App.—Fort Worth 2007, no pet.) ("The right of a prisoner to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party. . . . [I]f a court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means." (citations omitted)).

Thus, Ratliff has failed to show that the trial court clearly abused its discretion by implicitly denying Ratliff's motion for a bench warrant. *See In re Harrell*, No. 01-11-00760-CV, 2012 Tex. App. LEXIS 620, at *9–11 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, orig. proceeding) (mem. op.) (concluding that trial court was within its discretion in not granting bench warrant "at this point in the proceedings"). We deny Ratliff's petition for writ of mandamus.[1]

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Filed:  August 21, 2013

---

[1] To the extent Ratliff asks this Court to compel action by an employee in the prison's law library, this Court does not have jurisdiction to consider this request. *See* Tex. Gov't Code § 22.221. We also do not have jurisdiction to consider Ratliff's request for this Court to order the trial court to sign a final decree granting Ratliff's petition for a divorce by default. *See In re Harrell*, No. 01-11-00760-CV, 2012 Tex. App. LEXIS 620, at *6–8 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, orig. proceeding) (mem. op.) (noting that "courts of appeals do not have the power to control the character of a judgment entered by a trial court").