**REVERSE and REMAND and Opinion Filed February 19, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00825-CV
_____

### IN THE INTEREST OF W.J.M., A CHILD

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-09867**

# MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and O'Neill[1]
Opinion by Justice O'Neill

Appellant, N.D.,[2] appeals a default order that, among other things, established his paternity as to W.J.M., a minor child. In five issues, N.D., an inmate appearing pro se, generally contends the trial court violated his due process rights by not allowing him to appear at the final hearing. We reverse the trial court's judgment and remand the case for further proceedings.

## BACKGROUND

The Texas Attorney General's Office (the "State") filed a suit affecting the parent-child relationship ("SAPCR") alleging that N.D. was W.J.M.'s father and requesting that the court appoint conservators and order child support. By letter dated June 7, 2018, the State notified N.D.

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

[2] Although this is not a termination case, we will use aliases in accordance with Texas Rule of Appellate Procedure 9.8 to protect the minor's identity. *See* TEX. R. APP. P. 9.8.

of a final hearing set for June 26. In response, N.D. filed special exceptions, a plea to the jurisdiction, an answer, and a motion to appear by telephone at the final hearing. The trial court did not act on N.D.'s motion or other pleadings.

When N.D. did not appear at the final hearing, it proceeded as a default. After hearing Mother's testimony, the trial court signed an order that found N.D. to be W.J.M.'s biological father; addressed N.D.'s conservatorship rights; implemented a visitation schedule; and set a zero-dollar child support obligation. N.D. appeals the default order rendered against him.

## DISCUSSION

In five issues, N.D. complains the trial court (1) violated his due process rights by failing to give him at least forty-five days' notice of the final hearing and by not allowing him to appear at the final hearing; (2) abused its discretion by refusing to rule on his motion to appear by telephone before the final hearing; (3) lacked jurisdiction over the State's child support claim; (4) failed to rule on his special exceptions and plea to the jurisdiction; and (5) improperly implemented a visitation schedule when the State did not seek such relief in its pleadings. Because N.D. challenges the trial court's jurisdiction which, in effect, challenges our jurisdiction over this appeal, we begin with N.D.'s third and fourth issues. *See Duggan v. Tanglewood Villa Owners Assoc., Inc.*, No. 05–16–00300–CV, 2017 WL 2610032, at *2 (Tex. App.—Dallas June 16, 2017, no pet.) (mem. op.) ("If the trial court lacked jurisdiction, the appellate court has jurisdiction only to set aside the judgment and dismiss the cause.").

## Jurisdiction

Subject matter jurisdiction defines the court's power to "determine an action involving a particular subject matter as between the parties and render a certain judgment." *Kshatrya v. Tex. Workforce Comm'n*, 97 S.W.3d 825, 829 (Tex. App.—Dallas 2003, no pet.). Pertinent to this case,

a family district court has subject matter jurisdiction over family law matters, including child custody and support claims. TEX. GOV'T CODE § 24.601(b)(4).

In his third issue, N.D. challenges the trial court's jurisdiction over the State's child support claim, pointing to the September 1, 2015 amendments to House Bill 943 that eliminated the presumption of minimum wage in child support cases for inmates subject to an order of confinement exceeding ninety days. Relying on these amendments, N.D. suggests there was no case or controversy because the trial court could not order any amount in child support given that both his presumed and actual earnings were zero. But whether the trial court could actually impose child support is a different question than whether the trial court had jurisdiction over the child support claim. *See City of Wylie v. Taylor*, 362 S.W.3d 855, 859 (Tex. App.—Dallas 2012, no pet.) (when reviewing a challenge to the trial court's subject matter jurisdiction, an appellate court does not look to the merits of the case). Thus, here, where the State filed suit in a family district court seeking the imposition of child support, the trial court had jurisdiction over the claim. We overrule N.D.'s third issue.

In his fourth issue, N.D. complains the trial court failed to rule on his special exceptions and plea to the jurisdiction. Specifically, in both pleadings, N.D. claims the State's allegation that "[t]he child resides with mother . . . a resident of Texas" failed to show that W.J.M. resided in Dallas County, a prerequisite to invoke a Dallas County family district court's jurisdiction. Though briefed as a jurisdictional argument, N.D. appears to argue that the State failed to allege that Dallas County was a proper venue.[3] *See generally Gutierrez v. Gutierrez*, No. 05–14–00803–CV, 2016 WL 1242193, at *1 (Tex. App.—Dallas Mar. 30, 2016, no pet.) (mem. op.) (venue is not jurisdictional); *In re A.C.*, No. 05–18–00129–CV, 2018 WL 5273931, at *1 (Tex. App.—Fort

---

[3] To the extent N.D. is again making a jurisdictional argument, we earlier determined the trial court had subject matter jurisdiction over the suit. *See* TEX. GOV'T CODE § 24.601(b)(4).

–3–

Worth Oct. 24, 2018, pet. denied) (mem. op.) ("Jurisdiction and venue are not synonymous. Subject-matter jurisdiction refers to the court's power to hear a particular type of suit, while venue pertains to where—or in which county—a suit may be brought.").

Family code section 103.001 governs venue in SAPCR cases and provides that an original suit must be filed in the county where the child resides unless another court has continuing exclusive jurisdiction under chapter 155 or venue is fixed in a suit for dissolution of marriage. TEX. FAM. CODE § 103.001(a). Here, although the State's original petition failed to allege that W.J.M. lived in Dallas County, N.D. nonetheless concedes this fact in his opening brief to this Court. Therefore, we conclude Dallas County was a proper venue and overrule N.D.'s fourth issue.

## Due Process

N.D.'s first and second issues encompass the heart of this appeal: whether the trial court violated N.D.'s due process rights by (1) failing to give him at least forty-five days' notice of the final hearing and by not allowing him to appear at the final hearing, and (2) failing to rule on his motion to appear by telephone before the final hearing.

Texas Rule of Civil Procedure 245 requires parties in contested cases to receive at least forty-five days' notice of a first trial setting, including a dispositive hearing. TEX. R. CIV. P. 245; *LBL Oil Co. v. Int'l Power Servs. Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (a hearing on a motion for default judgment was effectively a trial setting since it was dispositive of the case). Rule 245's notice requirement "is mandatory and involves the constitutionally protected right of due process." *In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.); *Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140–41 (Tex. App.—Texarkana 1993, writ denied) (failure to comply with Rule 245 renders any first setting "ineffectual."). Thus, here, where the State sent N.D. notice of the June 26 final hearing on June 7, giving N.D.—at most—nineteen days' notice, we conclude

the final hearing was "ineffectual" and in violation of N.D.'s due process rights. *Bell Helicopter Textron, Inc.*, 863 S.W.2d at 140.

Further, regarding N.D.'s motion to appear by telephone, it is undisputed that the trial court did not rule on it. However, by signing the default order without addressing the motion, the trial court implicitly denied it. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *In re A.W.*, 302 S.W.3d 925, 928 (Tex. App.—Dallas 2010, no pet.).

It is well-established that inmate litigants "cannot be denied access to the courts simply because they are inmates." *In re Z.L.T.*, 124 S.W.3d at 165; *In re A.W.*, 302 S.W.3d at 928. Thus, when an inmate litigant cannot physically appear in a civil court, he may request to appear by an alternative, effective means, such as by affidavit, deposition, or telephone. *Johnson v. Handley*, 299 S.W.3d 925, 929 (Tex. App.—Dallas 2009, no pet.).

Here, N.D.'s appearance by telephone would have been an alternative, effective means in lieu of a physical appearance. However, by implicitly denying N.D.'s motion without allowing him to appear by some other alternative means, the trial court prevented N.D. from appearing at the final hearing and deprived him of his right to be heard. Moreover, in its letter brief to this Court, the State conceded that N.D.'s due process rights were violated and acknowledged that the trial court should have allowed N.D. to appear and argue his pleadings. Therefore, we conclude the trial court's actions violated N.D.'s due process rights. Based on our conclusions, we sustain N.D.'s first and second issues.

# CONCLUSION

We conclude the trial court violated N.D.'s due process rights by failing to give him forty-five days' notice of the final hearing and by not allowing him to appear at the final hearing. Based on our conclusions, we need not address N.D.'s fifth and remaining issue. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

180825f.p05

/Michael J. O'Neill//
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF W.J.M., A CHILD

No. 05-18-00825-CV

On Appeal from the 254th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-18-09867.
Opinion delivered by Justice O'Neill.
Justices Whitehill and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant recover his costs, if any, of this appeal from appellee.

Judgment entered this 19th day of February.