**AFFIRM and Opinion Filed April 7, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01278-CV

## DENNIS JAMES POLEDORE, JR., Appellant
## V.
## CHERI YOLANDA DANIEL, Appellee

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-10565**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Dennis James Poledore, Jr. appeals the trial court's judgment dismissing his claim to partition alleged community property discovered post-divorce and to return certain separate property. In two issues, Mr. Poledore, who was incarcerated at the time of trial, contends the trial court abused its discretion when it (1) conducted a bench trial and did not initiate a conference call to allow Mr. Poledore to telephonically attend the trial, and (2) denied Mr. Poledore's motion for continuance to conduct additional discovery. We affirm the trial court's judgment.

## BACKGROUND

Mr. Poledore and appellee Cherie Yolanda Daniel were married just over three years when Mr. Poldore was convicted and sentenced to prison for 60 years for a felony offense. While in prison, Mr. Poledore filed a pro se petition for divorce in 2014. During the pendency of that case, Mr. Poledore was notified of a pretrial hearing that would be conducted via conference call (Court Call). Mr. Poledore did not attend the hearing. The trial court entered a final decree, finding that no community property other than personal effects had been accumulated by the parties and awarding the personal effects to the party with possession. The court also ordered that each party pay the debts incurred by that party. Each party was also ordered to indemnify the other for any tax liability associated with that party's individual tax return.

Mr. Poledore appealed to this Court, contending that the trial court violated his due process rights during the pretrial hearing. According to Mr. Poledore, the trial court issued the final decree as a sanction for his failure to appear, he did not receive adequate notice of the trial, he was not granted a discovery hearing, and the trial court failed to conduct a hearing to determine whether he deliberately failed to appear. This Court affirmed the trial court's decree, finding Mr. Poledore had notice of the hearing and an opportunity to appear by phone, and knew a default judgment could be entered if he failed to appear, thus his due process rights were not violated.

Mr. Poledore subsequently filed a partition suit seeking division of Ms. Daniel's 2015 income tax refund and certain employee benefits Mr. Poledore claims Ms. Daniel acquired during the marriage but were not addressed in the final decree. Mr. Poledore also seeks the return of jewelry he claims is his separate property.

Relevant to the issues on appeal, Mr. Poledore attended a discovery hearing and a pre-trial hearing in this case conducted via Court Call. At both hearings, Mr. Poledore was required to call into the Court Call. During the pre-trial hearing, held on May 21, 2018, the trial court set the date for a bench trial as July 19, 2018. The trial court later issued an order for Mr. Poledore to appear at trial by phone and waived the Court Call fee.

Three days before trial, the trial court faxed the order to the Polunsky Unit of the Texas Department of Criminal Justice, where Mr. Poledore was incarcerated. The order stated:

> IT IS ORDERED that DENNIS POLEDORE, JR., TDCJ # 1400186, Polunsky Unit be available on (Thursday), July 19, 2018 at 9:30 a.m. for a hearing to be conducted in the 303rd District Judge's Court by telephone, and to provide live testimony through Court Call.
>
> IT IS FURTHER ORDERED that there shall be no charge to Polunsky Unit for this call, and that the Court Call fee is waived.

The fax cover sheet also stated:

> Please note that you will be responsible for initiating the call by dialing the toll free number at . . . , and when prompted, enter the access code . . . , and PIN . . . . This information can also be found on the Mandatory Procedures/Confirmation sheet.

The Mandatory Procedures/Confirmation sheet stated:

> Be prompt, or your case may be heard without you.
>
> . . .
>
> It is the participant's responsibility to dial into the conference at least five minutes prior to the scheduled hearing time as CourtCall does not call the participant.

The procedures also provided a number to call "[i]f you encounter any problems of if the Court has not joined the call within 15 minutes."

Although Mr. Poledore successfully appeared at two pre-trial hearings via Court Call, and the trial court had approved Court Call for his appearance, he did not appear at trial. Mr. Poledore claims that he understood that the trial court would initiate the Court Call. He alleges that he waited for three hours in the building at the Polunsky Unit in which Court Calls were conducted, but the trial court did not call. The trial court held a bench trial in his absence on July 19, 2018, and denied his requested relief.

Mr. Poledore filed a timely request for findings of fact and conclusions of law. The trial court issued the same, stating:

> 6. After several minutes on the conference call, Poledore still had not appeared. The Court re-called Daniel to the bench. Daniel requested that the court deny Poledore's relief for failure to appear and present evidence.
>
> 7. The court denied Poledore's relief and entered an order reflecting same.
>
> . . .
>
> 11. No evidence was produced at trial to support Poledore's Post-Divorce Partition Action.

Mr. Poledore also filed a motion for new trial on August 22, 2018, thirty-four days after the trial court issued its judgment. The trial court did not rule on Mr. Poledore's motion, and concluded that it lacked jurisdiction to do so. This appeal followed.

## ANALYSIS

In his first issue, Mr. Poledore contends that the trial court violated his due process rights by dismissing his claims for failure to appear without notifying him that it was his responsibility to initiate the Court Call.

As a constitutional matter, a litigant cannot be denied access to the civil courts merely because of his status as an inmate. *In re A.W.*, 302 S.W.3d 925, 928 (Tex. App.—Dallas 2010, no pet.); *Reese v. Reese*, 256 S.W.3d 898, 900 (Tex. App.— Dallas 2008, no pet.). However, an inmate does not have an unqualified right to appear personally at every court proceeding. *In re A.W.*, 302 S.W.3d at 929; *Boulden v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.). Thus, a trial court has discretion to allow an inmate to appear by alternative means. *See In re A.W.*, 302 S.W.3d at 928; *Boulden*, 133 S.W.3d at 886–87.

The record reflects, and Mr. Poledore does not contest, that the trial provided Mr. Poledore with the ability to attend trial by alternative means. Rather, Mr. Poldore contends that the trial court failed to notify him that it was his responsibility to call into the Court Call for his appearance. The record reflects that the trial court issued orders permitting Mr. Poledore to attend trial and two pre-trial hearings via Court Call. The record also reflects that Mr. Poledore successfully attended the two

pre-trial hearings by calling into Court Call. Nonetheless, Mr. Poledore alleges that he did not know he was supposed to call into Court Call to appear at the bench trial, but that he expected the court to call him. The trial court cited this failure to appear as grounds for dismissing the claims.

Trial courts have authority to dismiss for want of prosecution under either rule 165a or the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Boulden*, 133 S.W.3d at 886; TEX. R. CIV. P. 165a. Before dismissing on either basis, the trial court must give a party notice and an opportunity to be heard. *Boulden*, 133 S.W.3d at 886. Notice merely stating that the court is considering dismissal under rule 165a does not constitute adequate notice that the court may exercise its inherent authority to dismiss the case for want of prosecution. *Id.*; *Lopez v. Harding*, 68 S.W.3d 78, 79–81 (Tex. App.—Dallas 2001, no pet.) (error to dismiss under court's inherent authority when notice referred only to rule 165a). We review this case for an abuse of discretion under rule 165a because the trial court's findings of fact indicate that the court dismissed Mr. Poledore's claims for failure to appear at trial. *See* TEX. R. CIV. P. 165a(1) (permitting dismissal for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice"); *Boulden*, 133 S.W.3d at 886; *Lopez*, 68 S.W.3d at 80–81.

The record reflects that Mr. Poledore received notice (1) of the trial date, (2) that the court had ordered his appearance by Court Call, (3) that he was responsible

for initiating the call, and (4) that the case may be heard without him. Mr. Poledore was also given a number to call if he experienced issues connecting with the Court Call. Mr. Poledore alleges that he timely went to the prison's facility for such calls, thus exhibiting that he received the notices sent by the trial court.

On the record before us, we find that the trial court provided notice of the trial and an opportunity to be heard. *See Boulden*, 133 S.W.3d at 886; TEX. R. CIV. P. 245. This is all the court must do. Consequently, we overrule Mr. Poledore's first issue.

In his second issue, Mr. Poldore contends the trial court erred in failing to rule on his request for continuance to conduct additional discovery. We review denial of a motion for continuance for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).

As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion, and the trial court (1) ruled on the request, objection, or motion, either expressly or impliedly, or (2) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a). A party who fails to obtain a ruling on a motion for continuance has failed to preserve error for appeal. *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224 (Tex. App.—Dallas 2008, pet. struck); *Mitchell v. Bank of Am.*, 156 S.W.3d 622, 626 (Tex. App.—Dallas, 2004, pet. denied); *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d

686, 690 (Tex. App.—Tyler 1996, no writ) (party's failure to obtain written ruling on motion for continuance of summary judgment hearing waived any error).

There is no record that Mr. Poledore obtained a ruling on his motion for continuance. Thus, he has failed to preserve error for appeal. However, assuming the trial court impliedly denied the motion for continuance, *see* TEX. R. APP. P. 33.1(a)(2)(A) (permitting an implied ruling on request, objection, or motion to preserve error); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114–15 (Tex. App.—Waco 1999, no pet.) (holding that trial court impliedly ruled on motion for continuance filed two days before summary judgment hearing by granting motion for summary judgment), we conclude that it did not abuse its discretion

A litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *In re Estate of Brinkman,* No. 05-12-00387-CV, 2013 WL 3227644, at \*2 (Tex. App.—Dallas June 24, 2013, no pet.) (mem. op.). In deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we consider factors such as the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161.

With the case pending for over a year, Mr. Poledore filed a motion for continuance eleven days before trial seeking time for additional discovery to rebut Ms. Daniel's defenses. Ms. Daniel's first amended answer asserted affirmative defenses of accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; laches; payment; release; res judicata; statute of frauds; statute of limitations; and waiver. Yet, Mr. Poledore's motion seeks only additional evidence to show that Ms. Daniel wrongfully claimed Mr. Poledore as a dependent on her pre-2014 federal income tax returns and that she forged Mr. Poledore's signature on a tax form. Mr. Poledore does not explain how the evidence sought relates to his suit to partition certain alleged community property, including Ms. Daniel's 2015 tax refund and employee retirement benefits, or the return of his alleged separate property. His motion also does not specify any documents sought other than Ms. Daniel's federal tax returns, does not address the materiality of this or any other evidence sought, or address his diligence used to pursue the requested discovery. *See id.*

On the record before us, we find that the trial court did not abuse its discretion in conducting trial without ruling on Mr. Poledore's motion for continuance. Accordingly, we overrule Mr. Poledore's second issue.

## CONCLUSION

Having overruled Mr. Poledore's issues, we affirm the judgment of the trial court.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181278F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DENNIS JAMES POLEDORE, JR., Appellant

No. 05-18-01278-CV     V.

CHERI YOLANDA DANIEL, Appellee

On Appeal from the 303rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-17-10565. Opinion delivered by Justice Partida-Kipness. Justices Osborne and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of April, 2020.