Charles E. HUTCHINSON, Appellant,

v.

Vickey Elaine HUTCHINSON, Appellee.

No. 05–08–01411–CV.

Court of Appeals of Texas, Dallas.

Oct. 28, 2009.

Charles E. Hutchinson, Rosharon, TX, pro se.

Vickey Elaine Hutchinson, Dallas, TX, pro se.

Before Chief Justice THOMAS and Justices O'NEILL and MURPHY.

## OPINION

Opinion By Chief Justice THOMAS.

Appellant Charles E. Hutchinson, an inmate appearing pro se, appeals the trial court's order dismissing for want of prosecution his divorce case against Vickey Elaine Hutchinson. In two issues, appellant claims the trial court abused its discretion in dismissing his case for want of prosecution. For the reasons that follow, we reverse the trial court's judgment and remand the case for further proceedings.

■ We review a dismissal for want of prosecution under an abuse of discretion standard. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex.App.-Dallas 2006, pet. denied). The trial judge abuses his discretion when he acts without reference to any guiding rules or principles. *Starkey*, 200 S.W.3d at 752 (citing *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex.App.-Houston [14th Dist.] 1999, no pet.)).

■ Trial courts have authority to dismiss for want of prosecution under either rule of civil procedure 165a or the court's inherent power. *See* Tex.R. Civ. P. 165a; *Villarreal*, 994 S.W.2d at 630. A party must be given notice and an opportunity to be heard before the trial court may dismiss on either basis. *Villarreal*, 994 S.W.2d at 630. The notice must advise the party of the basis for the potential dismissal. *3V, Inc. v. JTS Enters., Inc.*, 40 S.W.3d 533, 541 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (citing *Villarreal*, 994 S.W.2d at 632). Notice that the court is considering dismissal under rule 165a does not constitute adequate notice that the court may exercise its inherent authority

to dismiss the case for want of prosecution. *Villarreal,* 994 S.W.2d at 630; *Lopez v. Harding,* 68 S.W.3d 78, 79–80 (Tex.App.-Dallas 2001, no pet.) (court erred by dismissing under inherent authority when notice referred only to Tex.R. Civ. P. 165a). We review this case under rule 165a because the notice referred only to a dismissal under that rule. *See Boulden v. Boulden,* 133 S.W.3d 884, 886 (Tex.App.-Dallas 2004, no pet.).

 Although an inmate has a constitutional right to access the civil trial courts, that right is not absolute or without limits. *In re Z.L.T.,* 124 S.W.3d 163, 165 (Tex.2003); *In re R.C.R.,* 230 S.W.3d 423, 426 (Tex.App.-Fort Worth 2007, no pet.). "[A]n inmate does not have an absolute right to appear in person in every court proceeding." *In re Z.L.T.,* 124 S.W.3d at 165; *see Sweed v. City of El Paso,* 139 S.W.3d 450, 452 (Tex.App.-El Paso 2004, no pet.) (court should weigh preservation of correctional system's integrity against inmate's right of access with goal of achieving balance that is fundamentally fair). When the trial judge determines an inmate should not be allowed to appear personally, the inmate may be allowed to proceed by an effective means, such as by affidavit, telephone, or other effective means, depending on the record of the case and the substance of the hearing. *See In re Marriage of Bolton,* 256 S.W.3d 832, 833 (Tex.App.-Dallas 2008, no pet.); *Boulden,* 133 S.W.3d at 886–87; *In re R.C.R.,* 230 S.W.3d at 426; *Sweed,* 139 S.W.3d at 452; *Allen v. Rushing,* 129 S.W.3d 226, 230 (Tex.App.-Texarkana 2004, no pet.); *Aguilar v. Alvarado,* 39 S.W.3d 244, 248 (Tex.App.-Waco 1999, pet. denied).

Appellant filed his petition for divorce on October 8, 2007. In conjunction with his petition, appellant filed a declaration of inability to pay costs. Both filings included a declaration under chapter 132 of the civil practice and remedies code. Tex. Civ. Prac. & Rem.Code Ann. §§ 132.001–.003 (Vernon 2005) (unsworn declaration under penalty of perjury by inmate in Texas Department of Corrections may be used in lieu of affidavit); *Smith v. McCorkle,* 895 S.W.2d 692, 692 (Tex.1995).

On October 11, 2007, the trial court sent appellant notice of a January 3, 2008 dismissal hearing. The court notified appellant the court would dismiss the action for want of prosecution under rule of procedure 165a unless there was good cause to maintain the case on the docket. *See* Tex. R.Civ. P. 165a. Appellant was advised he could write or e-mail the court within ten days prior to the hearing to request the case be retained on the docket. The trial court's notice stated that to retain the case on the docket, appellant must appear before the court at the dismissal hearing.

On October 23, 2007, appellant filed his motion to retain the case on the court's docket, again advising the court he was incarcerated and could not appear personally before the court at the dismissal hearing absent a bench warrant from the court to procure his attendance. That date appellant also filed a motion for a bench warrant. Alternatively, his motion requested he attend the hearing by telephone, video conference, or affidavit testimony as set out in the declaration of testimony he filed with the trial court.

Thereafter the associate judge signed the order of dismissal for want of prosecution. The order states the case was reached on the docket on January 3, 2008 "and there being a failure to prosecute same, the court is of the opinion that said case should be dismissed for want of prosecution." It was further ordered that all pending motions in the case were dismissed for want of prosecution. Appellant appealed the order of dismissal.

The record shows appellant could not physically appear in court and, being indigent, he could not retain the services of an attorney to appear on his behalf. Appellant informed the trial court of these facts in his motions and filings. Appellant moved for the effective alternative means of appearing by the affidavit filed with the trial court. By requiring appellant to appear at a hearing and denying his motion to appear by his filed affidavit, the trial court effectively closed the courthouse doors to appellant. *See Bolton*, 256 S.W.3d at 834; *Boulden*, 133 S.W.3d at 886. We conclude, under these circumstances, the trial court abused its discretion in dismissing the case for want of prosecution. *See Bolton*, 256 S.W.3d at 834; *Boulden*, 133 S.W.3d at 886. We sustain appellant's issues on appeal.

We reverse the trial court's order dismissing the case for want of prosecution, and we remand to the trial court for further proceedings.