**Anthony D. JOHNSON, Appellant,**

v.

**Dallas City Police Officers HANDLEY, Benny, Badge No. 7478 and Huntley, Quinn, Badge No. 8311, Appellees.**

**No. 05–08–01384–CV.**

Court of Appeals of Texas, Dallas.

Nov. 9, 2009.

Anthony D. Johnson, Iowa Park, pro se.

Dallas Police Department, Dallas, pro se.

Before Justices MORRIS, BRIDGES, and MURPHY.

## OPINION

Opinion By Justice MORRIS.

This is a restricted appeal. Anthony D. Johnson, representing himself while in prison, challenges the dismissal of his personal injury lawsuit against Dallas police officers Benny Handley and Quinn Huntley. In his sole issue, appellant contends the trial court abused its discretion when it dismissed his case for want of prosecution after appellant failed to appear at the final disposition hearing. For the reasons that

follow, we reverse the trial court's dismissal order and remand this case to the trial court for further proceedings.

## I.

■ Appellant filed this lawsuit on September 14, 2007, along with an application to proceed *in forma pauperis* and a motion for appointment of counsel. There is no record of a citation being issued or served in this case. The trial court sent appellant a notice scheduling a "final disposition hearing" for June 27, 2008 at 9:00 a.m. The notice stated that failure to appear at the hearing would result in the case being dismissed for want of prosecution.[1] In response, appellant filed and presented to the trial court several motions for a "bench warrant" to appear in person at the final disposition hearing or, alternatively, to appear by telephone or other means.[2] In the motions, appellant states that he is currently incarcerated in the Texas Department of Criminal Justice Institutional Division and therefore unable to appear personally at the hearing. The record contains no orders on any of appellant's motions. The trial court dismissed appellant's case for want of prosecution on June 30, 2008 for the sole reason that he failed to appear at the June 27 hearing. This order of dismissal is the subject of the present appeal.

## II.

■ Appellant contends the trial court abused its discretion by not allowing him to appear at the final disposition hearing personally or by the alternative means requested in his motions. We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex.App.-Dallas 2006, pet. denied). Trial courts have authority to dismiss cases for want of prosecution under civil procedure rule 165a or the court's inherent power. *See Boulden v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.-Dallas 2004, no pet.). Before the court may dismiss on either basis, however, it must give a party notice and an opportunity to be heard. *Id.* Because this is a restricted appeal, our review is limited to error that is apparent from the face of the record. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex.2006); *Brown v. Brookshires Grocery*, 10 S.W.3d 351, 354 (Tex.App.-Dallas 1999, no pet.).

■ As noted above, the record before us contains no express rulings on appellant's motions to appear by bench warrant or by alternative means. By proceeding to a final disposition hearing without issuing a writ that would cause appellant to appear personally or providing an alternative means for appellant to appear, the trial court implicitly denied appellant's motions. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex.2003); *Carson v. Carson*, No. 05–05–00424–CV, 2006 WL 941824, at *1 (Tex. App.-Dallas Mar. 30, 2006, no pet.); *In re D.D.J.*, 136 S.W.3d 305, 313 (Tex.App.-Fort Worth 2004, no pet.). Accordingly, we re-

---

1. The trial court originally sent appellant a notice scheduling the final disposition hearing for February 22, 2008. By letter dated February 14, 2008, the trial court notified appellant that the hearing was rescheduled to March 28, 2008. A third notice was sent on April 23, 2008 setting the final disposition hearing for June 27.

2. The term "bench warrant" is the vernacular phrase often used to describe a writ of habeas corpus ad testificandum, which is issued to compel an inmate to be brought before the court to testify. *See Brewer v. Taylor*, 737 S.W.2d 421, 424 n. 3 (Tex.App.-Dallas 1987, no writ).

view the trial court's implicit rulings for an abuse of discretion. *Z.L.T.*, 124 S.W.3d at 165.

▮▮▮ To the extent appellant complains about the trial court's denial of his request for a bench warrant, we note that an inmate does not have an unqualified right to appear personally before the court. *See Brewer*, 737 S.W.2d at 423. As the party requesting a bench warrant, appellant bore the burden of providing the trial court with sufficient factual information by which the court could assess the necessity of his personal appearance at the final disposition hearing.[3] *See Z.L.T.*, 124 S.W.3d at 166. Appellant's status as an inmate does not alter this burden and the trial court has no duty to go beyond appellant's requests and independently inquire into relevant facts not provided in the motions to assess the necessity of his personal appearance. *Id.* Here, the only information appellant presented to the trial court in connection with his bench warrant request was the fact of his incarceration and inability to appear at the hearing. Because appellant failed to meet his burden of presenting facts sufficient to enable the court to assess the necessity of his personal appearance at the final disposition hearing, the trial court did not abuse its discretion by implicitly denying his request for a bench warrant. *See id.*

▮▮▮ Appellant also complains about the trial court's failure to allow him to appear at the final disposition hearing by alternative means. Appellant's motions specifically requested that, in the event he was not allowed to appear personally for the hearing, he be permitted to appear by alternative means, including by telephone at the prison unit where he was incarcerated. As we have held previously, when a trial court determines an inmate's personal appearance is not warranted, it may allow the inmate to proceed by an alternative effective means, such as by affidavit, deposition, or telephone depending on the record of the case and the nature of the hearing to be held. *See Hutchinson v. Hutchinson*, No. 05–08–01411–CV, 2009 WL 3449732, at *1 (Tex.App.-Dallas Oct. 28, 2009, no pet. h.); *Boulden*, 133 S.W.3d at 886–87; *In re Marriage of Bolton*, 256 S.W.3d 832, 833 (Tex.App.-Dallas 2008, no pet.). It is within the trial court's discretion to determine whether the means requested will be effective to allow the inmate to appear. When a request to appear by a specifically described effective means is made, a trial court's denial of the inmate's motion to appear by alternative means is an abuse of discretion unless the court allows the inmate to proceed by some other effective means.

Based on the record before us, it is readily apparent that, in lieu of a personal appearance, appellant's "appearance" by telephone would have been one effective means for him to appear at the final disposition hearing. By denying his requests to appear by telephone, the trial court not only prevented appellant's appearance at the final disposition hearing, but also de-

---

3. When ruling on a bench warrant, Texas courts weigh [an] inmate's right of access to the courts against the protection of the correctional system's integrity using a variety of factors including the cost and inconvenience of transporting the prisoner; the security risk the inmate presents to the court and public; whether the inmate's claims are substantial; whether resolution of the case can reasonably be delayed until the inmate's release; wheth-

er the inmate can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the inmate's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the inmate's probability of success on the merits. *Z.L.T.*, 124 S.W.3d at 165–66; *Brewer*, 737 S.W.2d at 423.

prived him of his opportunity to be heard before dismissing his case for want of prosecution based solely on his failure to appear. *See Boulden*, 133 S.W.3d at 886 (trial court must provide notice and opportunity to be heard before dismissing case for want of prosecution). The trial court's actions rendered it impossible for appellant to comply with the requirements of the court's own notice. We conclude such actions were an abuse of discretion. We further conclude that such error is apparent from the face of the record. We resolve appellant's sole issue in his favor. We reverse the trial court's dismissal order and remand this case for further proceedings consistent with this opinion.