**Reverse and Remand and Opinion Filed April 26, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01380-CV

**STACEY D. HOWARD, Appellant**
**V.**
**JACK V. LOWERY, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-04354-2013**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Stacey D. Howard, representing himself while in prison, appeals the trial court's

dismissal of his suit against Jack V. Lowrey[1] for want of prosecution. We reverse the trial

court's order of dismissal and remand the cause for further proceedings.

On October 29, 2013, Howard filed this suit seeking a judgment against Lowrey, a

former inmate, for money Lowrey allegedly owed him.[2] Lowrey answered and filed a general

denial. In response, Howard filed objections and special exceptions to Lowrey's general denial.

---

[1] Although Howard spelled the defendant's name Lowery in the style of his suit, the answer shows that the defendant spells his name Lowrey.

[2] Howard's original petition also named Garry Davis as a defendant. Howard's amended petition removed Davis as a party.

On February 7, 2014, Lowrey filed a sworn affidavit conceding he owed Howard $10,000 on a loan, but specifically denying all allegations that he committed any actions entitling Howard to "monetary damages." Shortly after, Howard sent Lowrey written interrogatories. In response to those interrogatories, Lowrey stated, "I concede to owing Stacey Howard $15,000 once that I am exonerated."

On April 8, 2014, Howard filed a motion for traditional summary judgment attaching Lowrey's affidavit and interrogatory responses as evidence. Lowrey responded with a "motion to dismiss" Howard's motion for summary judgment contending he had not "breached the terms of [the] loan agreement" because, according to Lowrey, the loan was not due to repaid until after he was exonerated and compensated by the State of Texas. Three months later, Howard filed a "Motion for Rendition" requesting the trial court rule on his motion for summary judgment.

On September 11, 2014, Howard filed a motion requesting the trial court set the case for trial within ninety days in the event the court did not rule on his motion for summary judgment or motion for rendition. Although no notice of a trial setting appears in the record, the trial court's docket sheet shows that a trial before the court was set for November 10, 2014. Howard filed an application for a bench warrant requesting to appear at the trial. He also filed a "Petition for a Writ of Habeas Corpus Ad Testificandum for Production of a Witness" stating he was representing himself pro se and his case depended largely on his own testimony. He requested to appear in person to allow the court to observe his demeanor and judge his credibility and argued his testimony could not be effectively presented by deposition, telephone, or other means. Howard argued the cost, inconvenience, and security risk of allowing him to testify in person would be minimal because of his history of cooperation and the availability of the prison bus service. He further argued his claims had merit, as shown in his motion for summary judgment, and the matter could not reasonably be delayed until his release because he was not due to be

–2–

released for many years. Two weeks before the trial date, Howard filed a second motion requesting the trial court to rule on his motion for summary judgment.

On November 10, 2014, without ruling on any of Howard's pending motions, the trial court dismissed the case for want of prosecution. The order recites the cause was set on the dismissal docket and none of the parties appeared. Lowrey later requested the court to correct the dismissal order to reflect he had appeared. Howard moved to reinstate the case stating it had been dismissed without notice because the notice of trial setting he received did not inform him his case was set on the dismissal docket or that it could be dismissed for failure to appear. Howard further argued his failure to appear was not intentional but due solely to his incarceration and the trial court's failure to grant him a bench warrant. On January 15, 2015, the trial court, without a hearing, granted Howard's motion to reinstate. The order stated the case was "rescheduled on the Court's trial docket for August 25, 2015."

In preparation for trial, Howard subpoenaed a witness to appear and testify about Lowrey's employment since his release from prison. In addition, Howard filed a second petition for a writ of habeas corpus ad testificandum and request for a bench warrant to allow him to appear. Once again, however, the trial court failed to rule on any of Howard's pending motions and dismissed the case for want of prosecution when Howard failed to appear at trial. The second dismissal order is identical to the court's first dismissal order reciting the case was set on the dismissal docket and the parties failed to appear. We note that although Lowrey did not file a second motion to correct the judgment, court records indicate he appeared when the case was called to trial on August 25. Howard filed a second motion to reinstate that was accompanied by a proper unsworn declaration. TEX. CIV. PRAC. & REM. CODE ANN. § 133.001.

The motion was overruled by operation of law. This appeal followed.

In a single issue, Howard contends the trial court erred in dismissing his case for want of prosecution and denying his motion to reinstate. We review a dismissal for want of prosecution and a refusal to reinstate under an abuse of discretion standard. *See Hutchinson v. Hutchinson*, 299 S.W.3d 840, 841 (Tex. App.—Dallas 2009, no pet.). A trial court abuses its discretion if its decision was arbitrary or unreasonable. *See City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003).

The record reveals multiple problems with the dismissal in this case. First, although rule 165a(1) of the Texas Rules of Civil Procedure allows a trial court to dismiss a case based on a party's failure to appear at a hearing or trial of which the party had notice, the court must provide adequate notice of its intent to dismiss for want of prosecution and give the party an opportunity to be heard on the matter. TEX. R. CIV. P. 165a(1); *Reese v. Reese*, 256 S.W.3d 898, 899 (Tex. App.—Dallas 2008, no pet.). The requirements of notice and a hearing are necessary to ensure the dismissed claimant received due process. *See Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). While the trial court's dismissal order states the case was set on the August 25 dismissal docket, the record shows the case was not set for dismissal on that date, but rather for a trial on the merits. Nothing in the record shows Howard was given any notice the trial court intended to dismiss his case for want of prosecution if he failed to make an appearance on August 25. The failure to provide adequate notice of intent to dismiss requires reversal. *See Villareal v. San Antonio Trick & Equp.*, 994 S.W.2d 628, 630 (Tex. 1999).

Second, the trial court dismissed Howard's case without ruling on any of his multiple pending motions, including a motion for summary judgment that Howard twice requested a ruling on. It is well established that litigants cannot be denied access to the courts simply because they are inmates. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Although an

–4–

inmate's right of access to the courts is not without limits, he must be permitted to proceed by some effective means. *See Shepherd v. Mitchell*, No. 05-11-00210-CV, 2012 WL 2859934, at *2 (Tex. App.—Dallas July 12, 2012, no pet.) (mem. op.). By dismissing Howard's case for want of prosecution without ruling on any of his pending motions, the trial court effectively closed the courthouse doors to him. *Id.* The court's actions denied Howard any opportunity to be heard and were fundamentally unfair. *See Gray v. Gray*, No. 09-14-00332-CV, 2015 WL 1535684, at *5 (Tex. App.—Beaumont April 2, 2015, no pet.) (mem. op.).

Third, once Howard filed his second motion to reinstate, the court was required to set a hearing on the motion as soon as practicable. *See* Tex. R. Civ. P. 165a(4). An oral hearing is required on any timely filed motion to reinstate and the trial court has no discretion to fail to hold a hearing. *See Thordson v. City of Houston*, 815 S.W.2d 550 (Tex. 1991) (per curiam). The record shows the trial court never scheduled or held a hearing on Howard's second motion to reinstate and simply allowed the motion to be overruled by operation of law.

Finally, a court must reinstate if the failure of the party to appear "was not intentional or the result of conscious indifference but was due to an accident or mistake or . . . otherwise reasonably explained." Tex. R. Civ. P. 165a(3). Evidence of mere negligence is not enough to show conscious indifference. *See Smith v. Babcock*, 913 S.W.2d 467, 468 (Tex. 1995). Further, proof of justification for the failure to appear negates the intent or conscious indifference for which reinstatement can be denied. *Id.* When determining whether the trial court abused its discretion in refusing to reinstate, we review the entire record to ascertain whether there was enough evidence for the trial judge to find the failure of the party was due to accident, mistake, or other reasonable explanation. *See Tex. Dept. of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). The trial court abuses its discretion in denying

reinstatement where the explanation of the failure to appear is reasonable.  *See Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied).

Although the trial court failed to hold a hearing on Howard's motion to reinstate, the record shows the sole reason Howard did not appear when his case was called to trial was he was incarcerated and the trial court failed rule on his request for a bench warrant.[3]  These reasons negate the elements of intent and conscious indifference necessary to deny a motion to reinstate.

For these reasons, we conclude the trial court abused its discretion in dismissing Howard's case for want of prosecution and failing to grant his motion to reinstate.  We reverse the trial court's order of dismissal and remand the cause for further proceedings consistent with this opinion.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

151380F.P05

---

[3]  We recognize that the trial court's failure to rule on Howard's request for a bench warrant was an implicit denial of the motion.  *See Johnson v. Handley*, 299 S.W.3d 925, 928 (Tex. App.—Dallas 2009, no pet.).  This implicit denial did not occur, however, until the court called the case to trial without issuing a writ to cause Howard to appear.  *Id.*  Howard argued that his personal appearance was the most effective way for him to present his testimony.  But if the trial court had denied his request for a bench warrant prior to trial, Howard would have had the opportunity to seek alternative means to appear at the trial and present his evidence.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STACEY D. HOWARD, Appellant

No. 05-15-01380-CV　　　V.

JACK V. LOWERY, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-04354-2013.
Opinion delivered by Justice Francis.
Justices Lang-Miers and Whitehill
participating.

In accordance with this Court's opinion of this date, the trial court's Order of Dismissal is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered April 26, 2017.