**Reversed and Remanded and Opinion Filed July 31, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00282-CV

## IN THE INTEREST OF L.S.B., A CHILD

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-51173-2010**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Stoddart
Opinion by Justice Francis

Kenneth Leo Buholtz appeals the trial court's rulings on multiple motions seeking post-divorce relief. Because we conclude the trial court abused its discretion by refusing to allow appellant to appear by telephone, we reverse the trial court's orders and remand for further proceedings.

Appellant is an inmate in a Virginia federal prison. In December 2012, appellant's petition for divorce was granted in the 219th Judicial District Court in Collin County; the final decree of divorce was signed in May 2013. Several months after his divorce, appellant filed a number of motions, including a motion for enforcement of the divorce decree and a motion for order to show cause why his ex-wife should not be held in contempt. Appellant also filed a motion, supported

by his affidavit, requesting to appear by telephone at a hearing on the motions.[1]  He explained that as a federal prison inmate, he can only obtain telephone access to appear at a court proceeding by court order.  The motions were pending when the case was transferred to the 469th Judicial District Court more than one year later.  After the transfer, appellant requested the trial court rule on his pending motions, which included his motion to appear by telephone.  The trial court then appointed an attorney ad litem to represent appellant's ex-wife, who had been cited by publication but had not answered nor made an appearance.  Appellant filed additional motions, one of which sought to modify child support.  When the trial court did not rule on his motions, appellant sought a writ of mandamus from this Court.  This Court noted that some of the motions had been pending for more than three years, conditionally granted the writ, and ordered the trial court to rule on the motions.  *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding) (mem. op.).

In compliance with our order, the trial court set the motions for hearing on February 21, 2017.  The court also ordered appellant's wife to appear at the hearing to show cause why the relief in his motion should not be granted.  On the day of the hearing, the trial court had the bailiff call appellant's name at the door at the beginning and the conclusion of the hearing.  Appellant did not appear.  Court-appointed counsel for appellant's ex-wife informed the trial court that he could not locate her and then argued against granting appellant's various motions.  The trial court denied the motions, including appellant's request to appear by telephone.  This appeal followed.

In his first issue, appellant complains the trial court abused its discretion by denying his motion to appear by telephone.[2]  Although an inmate does not have an absolute right to appear

---

[1] After this appeal was submitted, we requested the Collin County district clerk to supplement the appellate record with appellant's motion to appear by telephone, and the clerk provided the motion but did not include the affidavit filed in support of the motion.  The affidavit, however, was included in the record of a previous original proceeding involving this case.  *See In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding).

[2] Appellant also asserts that he did not receive notice of the hearing until five hours after the hearing ended.  We need not address this complaint given our disposition of the denial of motion to appear by telephone.

personally in court in civil proceedings, he cannot be denied access to the courts simply because he is incarcerated. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). "The right of a prisoner to have access to the court entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." *In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.) (quoting *Dodd v. Dodd,* 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved of on other grounds by In re Z.L.T.,* 124 S.W.3d at 166). Thus, if a court determines a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means. *Boulden v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.). A trial court abuses its discretion if it effectively bars the inmate from presenting his case. *Armstrong v. Randle,* 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied).

Given the record before us, we conclude that, in lieu of personal appearance, appellant's "appearance" by telephone would have been one effective means for him to appear at the hearing and present evidence on his motions. By denying him that means, and not providing him with any other means of proceeding, we conclude the trial court abused its discretion. *See Johnson v. Handley*, 299 S.W.3d 925, 929 (Tex. App.—Dallas 2009, no pet.). In reaching this conclusion, we make no comment on the merits of appellant's motions. We sustain the first issue.

We reverse the trial court's orders dated February 21, 2017 denying appellant's motions and remand this cause for further proceedings consistent with this opinion.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

170282F.P05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF L.S.B., A CHILD,

No. 05-17-00282-CV          V.

On Appeal from the 469th Judicial District Court, Collin County, Texas
Trial Court Cause No. 469-51173-2010.
Opinion delivered by Justice Francis; Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the trial court's orders dated February 21, 2017 denying Kenneth Leo Buholtz's motions are **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 31, 2018.