**AFFIRMED; Opinion Filed March 25, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00593-CV

**CLARK EDWARD DIXON, Appellant**
**V.**
**AT&T CORPORATION, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-16892-D**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Appellant Clark Edward Dixon, a prisoner proceeding pro se, appeals the trial court's order dismissing his action for want of prosecution. Dixon enumerates two issues on appeal: (1) whether foreign litigants in Texas courts are entitled to the same rights as Texas citizens; and (2) whether the trial court's dismissal of his subpoena request was contrary to the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963). Although not enumerated as issues on appeal, Dixon also challenges the trial court's dismissal to the extent it was based on his failure to appear through an attorney, and he contends the trial court abused its discretion by assessing costs against him.

We affirm.

# I. FACTUAL AND PROCEDURAL CONTEXT

Dixon is an Oklahoma state prisoner who was tried and convicted in September 2011. At his trial, his ex-wife purportedly testified she did not immediately call authorities to report Dixon's crime because her cell-phone reception was poor, and she did not have access to a land-line telephone.[1]

On December 4, 2017, Dixon sent the trial court a document titled "MOTION FOR A PLAIN OR SUBPOENA DUCES TECUM" (the Petition). Along with his Petition, Dixon sent a sworn statement explaining that he was poor and could not afford to pay the filing fee. In his Petition, Dixon theorized that, if he could obtain evidence showing his ex-wife placed or received telephone calls or text messages during the relevant time period, he could demonstrate her testimony was untruthful in his post-conviction proceedings. Thus, citing (and misinterpreting) an Oklahoma statute concerning the issuance of subpoenas,[2] Dixon's Petition asked the trial court to issue a subpoena to Appellee AT&T Corporation,[3] requiring it to provide relevant phone records.

On December 13, 2017, the trial court sent Dixon a standard notice informing him it would hold a hearing on February 8, 2018, at which Dixon would be required to show good cause as to why his action should not be dismissed for want of prosecution. The notice instructed that, if service was perfected and no answer filed, Dixon would have to move for or prove up a default judgment prior to the hearing, otherwise the action would be dismissed. Further, it instructed that failing to appear at the hearing would result in dismissal.

---

[1] Although Dixon's brief on appeal characterizes telephone access as the sole reason given by his ex-wife for why she waited to call authorities, the partial transcript attached to his brief reveals telephone access was only one of the factors underlying her decision.

[2] *See* OKLA. STAT. ANN. tit. 12, § 2004.1(A)(2)(b). This statutory provision addresses instances where a subpoena seeks records located in Oklahoma in connection with an action pending outside of Oklahoma. It does not, as Dixon appears to believe, address the opposite situation—where a subpoena seeks records located outside of Oklahoma in connection with an action pending in Oklahoma.

[3] Dixon named the State of Texas as Appellee in his notice of appeal, but the State of Texas was not a party in the suit underlying the judgment from which Dixon appeals and thus is not a proper party to this appeal.

After receiving the notice, Dixon prepared a "Notice of Filing" in which he purported to: (1) provide notice of the Petition to AT&T; (2) ask for a response within 10 days; and (3) explain that he sent a certified copy of the Petition to AT&T's subpoena division by certified mail on January 2, 2018. According to the certificate of service, Dixon mailed his "Notice of Filing" to AT&T's subpoena division on January 4, 2018. On the same day, Dixon mailed the "Notice of Filing" to the trial court, along with a letter explaining that he could not afford to pay a lawyer to appear on his behalf and had no means of being transported to Dallas to appear at the scheduled hearing. Thus, he requested that the trial court either appoint an attorney to represent him or allow his Petition to speak for itself.

Two weeks later, Dixon sent the trial court another letter, attaching a copy of the return receipt showing AT&T received his certified mailing on January 8, 2018. He further explained that AT&T had not yet answered, and he asked that, if an answer was not received by the date of the scheduled show-cause hearing, judgment be issued in his favor. He reiterated that he could only argue through his Petition "[u]nless the court assigns . . . counsel to represent him." As a post-script, Dixon asked: "Is there a form to be filled out to provide for default judgment"?

On February 8, 2018, the trial court sent Dixon a notice stating that his show-cause hearing would be re-set for April 12, 2018. In this second notice, the trial court made clear it would not appoint counsel for Dixon and explained exactly what Dixon would need to do in order to prevent his action from being dismissed for want of prosecution:

> **<u>An attorney WILL NOT be appointed to represent you in this matter by this Court. You will need to request service from the Dallas County District Clerk's office</u>**. If you have not perfected service on all parties prior to the dismissal date **you must appear at the dismissal hearing**. During the hearing you will have the opportunity to show good cause for maintaining the case on the docket. **At the dismissal hearing the court shall dismiss for want of prosecution unless there is a showing of good cause**.
>
> If you have perfected service and no answer has been timely filed, you must have moved for or have proved up a default judgment on or prior to the above date.

Failure to do so prior to the dismissal hearing will result in the dismissal of the case . . . . **Failure to appear at this hearing shall result in dismissal of this case for want of prosecution**.

The record does not indicate Dixon contacted the Dallas County District Clerk's office to request service. On the contrary, Dixon responded approximately three weeks later by sending the trial court a document titled "MOTION FOR DISPOSITION AND SUMMARY JUDGMENT." In that document, Dixon stated: "At this time, no responses, objections or answers has [sic] been given by the AT &T CORPORATION or this Court." Dixon therefore asked the trial court to "immediately issue an order on this pending action, or issue Summary Disposition to the pending motions currently filed."

On April 12, 2018, the trial court issued the order from which Dixon timely appeals. It states that a hearing was held and, "[d]espite due and adequate notice thereof, the counsel for Plaintiff(s) failed to appear. The bailiff sounded the hall thrice, yet no appearance was made." The trial court therefore dismissed Dixon's action for want of prosecution and taxed costs "against the party incurring same."

## II. DISCUSSION

### A. Standards of Review

We review a dismissal for want of prosecution under a clear-abuse-of-discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *Stone v. Cunningham*, No. 05-06-01151-CV, 2007 WL 1206677, at *1 (Tex. App.—Dallas Apr. 25, 2007, pet. denied) (mem. op.). The central issue in such a case is whether the plaintiff exercised reasonable diligence. *MacGregor*, 941 S.W.2d at 75. And the test for determining whether the trial court abused its discretion is "whether the court acted without reference to any guiding rules and principles." *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Stone*, 2007 WL 1206677, at *1. We

will not reverse the trial court's ruling unless it was arbitrary or unreasonable. *Cire*, 134 S.W.3d at 839; *Stone*, 2007 WL 1206677, at *1.

*B. Issues on Appeal*

The two issues specifically enumerated by Dixon on appeal—(1) whether foreign litigants in Texas courts are entitled to the same rights as Texas citizens and (2) whether the trial court's dismissal of his subpoena request was contrary to the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963)—have been waived because Dixon failed to present them first to the trial court. *See* TEX. R. APP. P. 33.1; *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 871 (Tex. App.—Dallas 2005, no pet.). Likewise, to the extent Dixon challenges the district court's assessment of costs, he failed to preserve that issue for appeal. *See Gober v. Davis*, No. 10-06-00043-CV, 2007 WL 1147353, at *3 (Tex. App.—Waco Apr. 18, 2007, no pet.) (mem. op.) ("Parties must give notice to the trial court of their dissatisfaction with the assessment of costs in order to complain of that assessment on appeal." (internal quotations omitted)).

Nevertheless, construed liberally, Dixon's appellate brief raises a preserved challenge to the dismissal—at least to the extent the dismissal was based on Dixon's not being represented by counsel. Dixon infers the trial court must have required him to appear through an attorney, because the order of dismissal notes that counsel did not appear on Dixon's behalf. But the trial court never specified the method by which Dixon was required to appear to show cause, and its dismissal was not based on Dixon's lack of counsel; it was based on Dixon's lack of diligence in obtaining service and his failure to show good cause for keeping the case on the docket.

Further, although Dixon explained to the trial court that he could not arrange to be transported to Dallas to attend the hearing in person, the record does not reflect any unresolved requests from Dixon that proposed a reasonable alternative means for either attending the hearing

–5–

or showing good cause. The only other request he made was for the court to rule on the papers he submitted. Thus, this case is unlike others in which we have held that the trial court effectively prevented a pro se inmate from pursuing his claims. *See, e.g.*, *Hutchinson v. Hutchinson*, 299 S.W.3d 840, 842–43 (Tex. App.—Dallas 2009, no pet.) (holding that the trial court abused its discretion by dismissing for failure to appear despite inmate's motion to appear by reasonable alternative means); *Reese v. Reese*, 256 S.W.3d 898, 899–900 (Tex. App.—Dallas 2008, no pet.) (same); *In re Marriage of Bolton*, 256 S.W.3d 832, 834 (Tex. App.—Dallas 2008, no pet.) (same).

Moreover, Dixon failed to perfect service of process, despite the trial court's clear instruction that he request service through the clerk of the court. *See* TEX. R. CIV. P. 103 ("Service by registered or certified mail . . . must, if requested, be made by the clerk of the court in which the case is pending. But no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ."); *Stone*, 2007 WL 1206677, at *2 (holding that the trial court was within its discretion to dismiss an inmate's claim for want of prosecution where the inmate did not diligently pursue service of process); *see also De La Cerda v. Jaramillo*, No. 01-17-00595-CV, 2018 WL 1189065, at *6–7 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.) (mem. op.) (same); *Allen v. Rushing*, 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.) (same). The trial court therefore did not abuse its discretion by dismissing Dixon's action on account of his failure to exercise reasonable diligence in prosecuting it.

### III. CONCLUSION

We affirm the trial court's order of dismissal.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180853F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLARK EDWARD DIXON, Appellant

No. 05-18-00593-CV     V.

AT&T CORPORATION, Appellee

On Appeal from the 95th District Court, Dallas County, Texas
Trial Court Cause No. DC-17-16892-D.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of March, 2019.