**Opinion issued October 21, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00677-CV

———————————

**BRADLEY JARED BARTON, Appellant**

**V.**

**OFFICE OF ATTORNEY GENERAL, Appellee**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-84841**

---

## MEMORANDUM OPINION[1]

---

[1]  After we issued our original opinion in this appeal on May 4, 2021, dismissing the appeal for lack of jurisdiction, appellant Bradley Jared Barton filed a motion for rehearing. On July 27, 2021, we granted the motion for rehearing and withdrew our May 4, 2021 opinion and judgment. We issue this opinion and judgment in its place.

Appellant Bradley Jared Barton appeals the trial court's entry of a contested default order in the paternity suit filed against him by appellee, the Office of the Attorney General of Texas ("OAG"). In two issues, Barton contends the district court abused its discretion by not permitting him to participate in the underlying proceeding and he is entitled to a new trial. We reverse the trial court's judgment and remand for further proceedings.

## Background

In 2017, the OAG filed a petition to establish the parent-child relationship to determine the parentage of B.J.B., a minor, and to appoint conservators. The OAG filed the petition in the 309th Judicial District Court of Harris County, Texas under cause number 2017-83864 (the "first action").[2] Barton, an inmate at the Texas Department of Criminal Justice–Institutional Division, filed an answer and two motions for bench warrant requesting he be allowed to participate in person or by other means, including by teleconference or videoconference, at the final hearing on the merits. He also filed an unsworn declaration relating the testimony he would

---

[2]   Barton filed two appeals from interlocutory orders in that matter, which we dismissed for lack of jurisdiction. *See Barton v. Off. of the Att'y Gen.*, No. 01-18-00507-CV, 2018 WL 4190057 (Tex. App.—Houston [1st Dist.] Aug. 31, 2018, no pet.) (mem. op.) (dismissing appeal of interlocutory order for parentage testing); *In re Bradley Barton*, No. 01-18-01130-CV, 2019 WL 302905 (Tex. App.—Houston [1st Dist.] Jan. 24, 2019, no pet.) (mem. op.) (dismissing petition for writ of mandamus against district clerk).

give at the final hearing noting that he wished to "present his relevant testimony and evidence to the Court."

Before the first action concluded, the OAG filed a second petition to establish the parent-child relationship for the same child, requesting the trial court to determine the parentage of B.J.B., appoint conservators, and set child support (the "second action"). The OAG filed the second action on November 28, 2018, also in the 309th Judicial District Court of Harris County, Texas under cause number 2018-84841.[3] It is this second action from which Barton appeals.

Barton received service of the petition filed in the second action on March 22, 2019, and on April 3, 2019, he filed an answer and counterpetition for appointment of conservatorship. Barton noted in his answer that the "OAG has already filed an identical petition in this same court under cause number 2017-83864."[4] In the event the trial court determined him to be the child's father, Barton requested a hearing concerning the appointment of conservators and requested that his mother be appointed as the child's sole managing conservator or that the child's maternal aunt and paternal grandmother be appointed joint managing conservators. Barton argued

---

[3] The matter was assigned to the associate judge of the court.

[4] In his appellate brief, Barton notes that "for reasons still not clear," the OAG filed the second action. The OAG does not address this issue in its brief or explain why two separate actions, involving the same child, were filed in the same court.

3

that any other appointment of conservatorship would be "irreparably damaging for the child."

As he did in the first action, Barton filed a motion for issuance of bench warrant. He requested a bench warrant "for his participation in this case, or otherwise scheduling effective means for his participation in this case." He informed the court that he "has previously filed a motion for bench warrant in this same case, in this same court, under a different cause number, see cause no. 2017-83864" and that his "reasoning for a bench warrant, or the accommodation for other adequate and effective means for participation in the case, remains the same."

It appears from the record that the trial court did not rule on Barton's motion for bench warrant or otherwise provide him with alternative means to attend the final hearing on the merits. On July 24, 2019, the trial court conducted a hearing at which only the OAG and the mother of the child appeared.[5] At the conclusion of the hearing, the trial court entered a "Contested Default Order Establishing the Parent-Child Relationship" noting that "although duly notified," Barton "did not appear." The trial court found Barton to be B.J.B.'s biological father and appointed the child's

---

[5] On July 16, 2020, we issued an order directing the court reporter to file with this Court, within 30 days of the date of the order and at no cost to appellant, a reporter's record of any recorded proceedings in this cause number, and to provide the reporter's record to appellant, free of cost. No record was filed.

4

mother as sole managing conservator and Barton as possessory conservator. The trial court did not set child support due to Barton's incarceration.

On August 16, 2019, Barton filed a notice of appeal with this Court.[6] On August 22, 2019, he filed a motion for new trial, which was overruled by operation of law.[7]

## Participation in Proceedings

In his first issue, Barton contends the trial court abused its discretion by not permitting him to participate at the final hearing on the merits on OAG's petition to establish the parent-child relationship for B.J.B. He argues the trial court was aware of his incarceration and his motions to appear or participate in the hearing, yet it did not issue a bench warrant for him to appear in person or otherwise allow him to appear by alternative means, such as by phone or videoconference.[8]

---

[6] Barton mistakenly filed his notice of appeal with this Court rather than the trial court. His notice is deemed to have been filed the same day with the trial court clerk. *See* TEX. R. APP. P. 25.1(a).

[7] On October 8, 2019, this Court abated the appeal to permit the trial court to hold a hearing to determine whether Barton was indigent. At the October 31, 2019 hearing, the trial court found Barton indigent. On January 23, 2020, we reinstated Barton's appeal.

[8] The term "bench warrant" is the vernacular phrase often used to describe a writ of habeas corpus ad testificandum, which is issued to compel an inmate to be brought before the court to testify. *See Johnson v. Handley*, 299 S.W.3d 925, 928 (Tex. App.—Dallas 2009, no pet.).

## A. Applicable Law and Standard of Review

All litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner. *Larson v. Giesenschlag*, 368 S.W.3d 792, 796–97 (Tex. App.—Austin 2012, no pet.); *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved on other grounds, In re Z.L.T.,* 124 S.W.3d 163, 166 (Tex. 2003). Litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *In re Z.L.T.*, 124 S.W.3d at 165. But an inmate does not have an absolute right to appear in person in every court proceeding. *In re Z.L.T.*, 124 S.W.3d at 165. Rather, courts weigh an inmate's right of access to the courts against protecting the integrity of the correctional system, based on several factors. *Id.*

In *In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003), the Texas Supreme Court identified several factors trial courts should consider when deciding whether to grant an inmate's request for a bench warrant, including (1) the cost and inconvenience of transporting the prisoner to the courtroom, (2) the security risk the prisoner presents to the court and public, (3) whether the prisoner's claims are substantial, (4) whether the matter's resolution can be delayed reasonably until the prisoner's release, (5) whether the prisoner can and will offer admissible, noncumulative testimony that cannot effectively be presented by deposition, telephone, or some other means,

(6) whether the prisoner's presence is important to judge his demeanor and credibility, (7) whether the trial is to the bench or a jury, and (8) the prisoner's probability of success on the merits. *See id*. at 165–66.

The Court in *In re Z.L.T.* held that a litigant's status as an inmate does not alter his burden to identify with sufficient specificity the grounds for the ruling sought. *Id.* at 166; *see* TEX. R. CIV. P. 21; TEX. R. APP. P. 33.1(a)(1)(A). "Trial courts have no independent duty, when a litigant is a pro se prison inmate, to inquire into relevant facts not provided by the prison-inmate seeking affirmative relief." *Graves v. Atkins*, No. 01-04-00423-CV, 2006 WL 3751612, at *3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) (mem. op.) (citing *In re. Z.L.T.*, 124 S.W.3d at 166). This precept is consistent with settled law holding that pro se litigants are held to the same standards as licensed attorneys, including the requirement that they must comply with procedural rules. *Brown v. Preston*, No. 01-16-00556-CV, 2017 WL 4171896, at *3 (Tex. App.—Houston [1st Dist.] Sept. 21, 2017, no pet.) (mem. op.). Thus, the burden is on the inmate to establish a right to the requested relief. If the inmate fails to present sufficient information for the trial court to evaluate the inmate's bench warrant request under the *Z.L.T.* factors, the trial court does not abuse its discretion in denying the request. *Id.*

The decision to grant or deny a request for a bench warrant lies within the trial court's discretion. *See In re J.D.S.*, 111 S.W.3d 324, 327 (Tex. App.—Texarkana

2003, no pet.). "A trial court abuses its discretion if it acts without reference to any guiding rules and principles such that the ruling is arbitrary or unreasonable." *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019) (per curiam); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

## B.    Analysis

The record before us contains no express rulings on Barton's motion to appear by bench warrant or by alternative means. The motion Barton filed does not contain information from which the trial court could assess the need for his personal appearance at the July 24, 2019 hearing. Indeed, Barton's motion for bench warrant does not even reference the *Z.L.T.* factors. Although Barton's motion references the two motions he previously filed in the first action requesting a bench warrant, noting "his reasoning for a bench warrant, or the accommodation for other adequate and effective means for participation [in this case] . . . remain the same," the only information in the motion pertinent to Barton's request for a bench warrant is that "he is presently incarcerated at the Darrington Unit of TDCJ located in Brazoria County, Texas, right outside of Harris County, as a result of a conviction for a felony offense," and "Defendant has a constitutional right to be effectively heard in this matter, and the Court should accommodate that right."

In his answer and counterpetition for appointment of conservatorship, Barton requested that if the trial court determined he was the child's father, the court appoint

8

Barton's mother as the child's sole managing conservator or that the child's maternal aunt and paternal grandmother be appointed joint managing conservators, stating that any other appointment of conservatorship would be "irreparably damaging for the child." While this information is relevant to one of the *Z.L.T.* factors (whether the inmate's claim is substantial), neither the bench warrant motion nor Barton's pleading presented information sufficient for the trial court to evaluate the remaining *Z.L.T.* factors. *See McDorman v. Rogers*, No. 09-06-514-CV, 2008 WL 1970928, at *9 (Tex. App.—Beaumont May 8, 2008, no pet.) (mem. op.) (noting that although inmate's pleading presented facts pertinent to one *Z.L.T.* factor, neither pleadings nor bench warrant motion presented facts sufficient for the trial court to evaluate remaining factors and thus lacked sufficient information to demonstrate trial court abused its discretion in failing to act on motion).

Because Barton failed to meet his burden of presenting adequate information to enable the trial court to assess the need for his personal appearance at the hearing, the trial court did not abuse its discretion by proceeding to a hearing on the merits without Barton appearing in person.[9] *See In re Z.L.T.*, 124 S.W.3d at 166 ("Although

---

[9] Although Barton's motions for issuance of bench warrant filed in the first action (cause number 2017-83864) are included in the appellate record, they were not filed, or attached to any document filed, in this cause number. Thus, because there is nothing in the record demonstrating that Barton's bench warrant motions filed in the first action were before the trial court when it entered its contested default order in the present case, we may not consider them. *See Amigos Meat Distribs., L.P. v. Guzman*, 526 S.W.3d 511, 523 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)

Thompson listed the *Stone* factors in his request, he failed to provide any factual information showing why his interest in appearing outweighed the impact on the correctional system. In fact, the only pertinent information contained in the request was that he was located in Rosharon, Texas, more than 200 miles from the trial court."); *see also Interest of K.H.*, No. 02-19-00247-CV, 2019 WL 6248557, at *15 (Tex. App.—Fort Worth Nov. 22, 2019, no pet.) (mem. op.) (concluding father failed to carry burden to demonstrate his right to appear at trial where bench warrant motion provided no other factual information other than fact he was "presently confined in the Tarrant County Jail located at 100 N. Lamar St., Fort Worth, Texas" and that "necessity exists for the issuance of a bench warrant for [defendant] to be before th[e] Court for the purpose of a jury trial in which a termination is requested of [defendant's] parental rights."); *De La Cerda v. Jaramillo*, No. 01-17-00595-CV, 2018 WL 1189065, at *7 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.)

---

(disregarding flyer and deposition excerpts relied upon by defendant that were not before trial court at time it made its decision to admit plaintiff's medical bills); *Hornell Brewing Co., Inc. v. Lara*, 252 S.W.3d 426, 429 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating determination of whether trial court abused its discretion should be based on information available to trial court at time of ruling); *In re Harvest Cmtys. of Hous., Inc.*, 88 S.W.3d 343, 349 (Tex. App.—San Antonio 2002, orig. proceeding) ("We can only consider the record that was before the trial court at the time of the hearing in determining whether the trial court's ruling was [an abuse of discretion]."). We note, however, that Barton's motions for issuance of bench warrant filed in cause number 2017-83864 do analyze the *Z.L.T.* factors and provide information for the trial court to evaluate his bench warrant requests. In those motions, Barton also requested that in the alternative, he be allowed to participate by teleconference or videoconference.

10

(mem. op.) (concluding trial court did not abuse discretion in denying pro se inmate's motion for bench warrant where he did not present any information to trial court from which it could have assessed necessity of his appearance at pretrial conference); *Johnson v. Handley*, 299 S.W.3d 925, 929 (Tex. App.—Dallas 2009, no pet.) (finding no abuse of discretion where only information pro se inmate presented to trial court in connection with bench warrant request was fact of his incarceration and inability to appear at hearing).

Barton also argues the trial court abused its discretion by not allowing him to appear at the final hearing by alternative means, such as phone or videoconference, despite his request. An inmate's right of access "entails not so much his personal presence as his opportunity to present evidence or contradict the evidence of the opposing party." *In re L.N.C*, 573 S.W.3d 309, 324 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.). Thus, while the decision to grant an inmate's request for a bench warrant lies within the sound discretion of the court, when a trial court denies a pro se inmate the opportunity to participate in a proceeding in person, a trial court should nevertheless afford the inmate an opportunity to proceed by affidavit, deposition, telephone, or other effective means. *Larson*, 368 S.W.3d at 797; *Brown v. Foster*, No. 01-04-00482-CV, 2005 WL 1705045, at *1 (Tex. App.—Houston [1st Dist.] July 21, 2005, no pet.) (mem. op.).

11

In its order setting a final hearing on the merits, the trial court gave notice to the parties that "[f]ailure to appear may result in entry of a default order." Barton later filed his motion for issuance of bench warrant requesting that the court allow him to appear in person or by alternative means. In that motion, he referenced his prior motion for bench warrant filed in the first action noting his "reasoning for a bench warrant, or the accommodation for other adequate and effective means for participation, remains the same." Despite this request for "other adequate and effective means for participation," the trial court held a hearing on the merits of OAG's petition in Barton's absence.[10] Following the hearing, the trial court entered its final "Contested Default Order Establishing the Parent-Child Relationship" noting that Barton, "although duly notified, did not appear." By doing so, the trial court denied Barton the opportunity to participate while at the same time considering his failure to appear as a factor in entering its contested default order.

While there is no absolute right for an inmate to appear in person in every court proceeding, and the burden remains with the inmate to request his

---

[10]  It is unclear from the record whether the trial court was aware of Barton's motion for issuance of bench warrant or ruled on Barton's specific request. We note that after we abated the present appeal for the trial court to consider Barton's indigency status, Barton filed two motions for bench warrant requesting his appearance at the set hearings. Although the trial court denied the motions by separate orders, holding each time that Barton's "personal appearance is not necessary in the case," she nonetheless allowed Barton to "participate in the proceedings in this case by telephone conference."

participation, by requiring Barton to appear at a hearing while not acting on his motion for a bench warrant or to participate by alternative means, the trial judge effectively closed the courthouse doors to him and foreclosed his opportunity to participate in significant proceedings involving his child. *See Boulden v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.) ("By requiring a pro se inmate's personal appearance at a hearing while not acting on that inmate's motion for a bench warrant or to conduct the hearing by telephone conference or other means, the trial court effectively closed its doors to the inmate."); *Simmons v. Tex. Dept. of Crim. Just.-Institutional Div.*, No. 13-07-00694-CV, 2008 WL 4741907, at *2 (Tex. App.—Corpus Christi-Edinburg Oct. 30, 2008, no pet.) (concluding where record did not show that court ruled on pro se inmate's motion for bench warrant or provided inmate with opportunity to be heard, "trial court closed the courthouse doors" and such action was abuse of discretion); *In re R.C.R.*, 230 S.W.3d 423, 426–27 (Tex. App.—Fort Worth 2007, no pet.) ("Here, the trial court's order states that the court dismissed appellant's case because he failed to appear at the June 21, 2006 hearing. However, appellant was unable to appear personally because he was incarcerated and because the trial court denied his request for a bench warrant. In addition, appellant was unable to appear by alternative means, such as by telephone or affidavit, because the trial court denied his motion to appear by such alternative means. Thus, the trial court dismissed appellant's case for failure to appear without

providing appellant any means to appear."); *see also In re D.D.J.*, 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.) (concluding trial court abused its discretion in failing to consider pro se inmate's request to participate at trial where it denied defendant's motion for bench warrant and made no accommodation for defendant to participate by other effective means in proceeding to modify parent-child relationship).

The OAG argues the trial court was well within its discretion to deny Barton's motion to appear by alternative means because he was not detailed in his request. Citing *Graves v. Atkins* and *Brown v. Preston*, the OAG argues the burden remains on the inmate "to request access to the court through [] alternative means and to demonstrate why."  But in *Graves*, the defendant "did not request that a bench warrant be issued in order that he might appear in person to prosecute his case. Similarly, the record does not reflect that appellant requested alternative means of appearance by videoconference before the March 1, 2004 trial date, or, in the alternative, that he be permitted to appear by affidavit." *Graves*, 2006 WL 3751612, at *3.  Similarly, in *Brown*, we held the inmate had not provided the trial court with adequate information for it to assess whether to grant his request for a bench warrant, and further that because the record "does not reflect that [appellant] requested alternative means of appearance, such as by telephone, videoconference, or affidavit," he had "not preserved the right to appear by alternate means." *Brown*,

14

2017 WL 4171896, at *3. Thus, unlike this case, there was no request in either *Graves* or *Brown* to participate by alternative means.

We conclude, under the present circumstances, the trial court abused its discretion in entering its "Contested Default Order Establishing the Parent-Child Relationship" without considering Barton's request to participate at the hearing by other means. *See Sweed v. City of El Paso*, 139 S.W.3d 450, 454–55 (Tex. App.—El Paso 2004, no pet.) (McClure, J., concurring) ("[I]t is fundamentally unfair to order Sweed to appear at a mandatory dismissal hearing, ignore his request to appear at the hearing either telephonically or by videoconference technology, and then dismiss his case for the sole reason that he failed to appear at the mandatory hearing.").

We sustain Barton's first issue.[11]

## Conclusion

We reverse the trial court's July 24, 2019 order and remand this case to the trial court for further proceedings consistent with this opinion.


Veronica Rivas-Molloy
Justice

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.

---

[11]    In light of our holding, we do not reach Barton's second issue contending he is entitled to a new trial.

15